494 P.2d 754

**GRAHAM COUNTY and The Arizona State Department of Property Valuation, Appellants,**

v.

**GRAHAM COUNTY ELECTRIC COOPERATIVE, INC., an Arizona corporation, Appellee.**

**No. 2 CA–CIV 904.**

Court of Appeals of Arizona, Division 2.

March 17, 1972.

Rehearing Denied April 19, 1972.

Review Granted May 31, 1972.

Gary K. Nelson, Atty. Gen. by James D. Winter, Asst. Atty. Gen., Phoenix, for appellants.

Anderson, Welker & Flake by Dudley S. Welker, Safford, Jennings, Strouss & Salmon by Robert E. Hurley, Phoenix, for appellee.

KRUCKER, Chief Judge.

Graham County Electric Cooperative, hereinafter referred to as the taxpayer, pursuant to A.R.S. § 42–146, as amended, instituted suit for refund of property taxes paid under its 1968 property tax assessment. It subsequently filed another suit with respect to its 1969 property taxes and both actions were consolidated for trial, Its position was that the Department of Property Valuation had placed a valuation on its property for each year which was in excess of its full cash value.[1]

---

1. The Department moved to dismiss the suit as to the 1968 taxes on the ground that it was not timely brought. This motion was denied and on appeal the De-

partment challenges the propriety of this ruling. We find, however, that our disposition of this appeal obviates the need of reviewing this ruling.

The Department of Property Valuation had determined that the full cash value of the taxpayer's property was $2,412,439.00 for 1968 and $2,345,000.00 for 1969. The taxpayer claimed, however, that the full cash value of the property for both years was $1,980,000. The trial court agreed with the taxpayer's position and determined that the full cash value of its property located in Graham County for both years was $1,923,511.[2]

The manager of the cooperative testified that it was a non-profit corporation. The Articles of Incorporation provide:

" . . . that all of the operations of the corporation shall be on a cooperative basis, not for profit, and for the use and benefit of its members as such. The Corporation shall render no services to or for the public."

The corporate by-laws prescribe the details of a non-profit operation.

The taxpayer's appraiser testified that in his opinion the criterion of "earnings value" was the most important element to be considered in valuing the cooperative's property. He prepared two exhibits, admitted into evidence, which were captioned "1969 Valuation Present Worth of Margin." One was designed to reflect earnings value to the seller and the other earnings value to the buyer. He concluded that the earnings value to a seller would be $1,978,000 (the total patronage capital and margin capitalized at 5 percent) and the earnings value to a buyer would be $1,737,000 (net revenue and non-operating margin capitalized at 5 percent). His value opinion was $1,980,000.

It is readily apparent that this witness' computations were based on continuance of the cooperative's present rate structure which is geared to furnishing electricity to its members at no profit. The taxpayer's documentary exhibits reflect that its net revenues are just under 1.4 percent of its gross revenues. The opinion of its appraiser was based on the assumption that a purchaser would not be free to adjust the rates so as to produce a higher yield on his investment.

In our recent decision, County of Pima v. Trico Electric Cooperative, 15 Ariz.App. 517, 489 P.2d 1219 (1971), the taxpayer's appraiser likewise predicated his opinion of value on the same type of computations, based on actual income. We held that this method of valuation of the property of a non-profit electric cooperative was erroneous and lacked the requisite competence to support a finding of excessiveness. We believe that the *Trico* holding is dispositive of the case *sub judice*. Since the taxpayer failed to prove by competent evidence that the value placed on its property by the Department of Valuation was excessive, the Department's valuation must stand as "correct and lawful." Navajo County v. Four Corners Pipeline Co., 106 Ariz. 511, 479 P.2d 174, rehearing denied, 107 Ariz. 296, 486 P.2d 778 (1971).

The judgment is reversed with directions to enter judgment in favor of the appellants.

HOWARD and HATHAWAY, JJ., concur.

2. The difference between this value determination and the valuation alleged by the taxpayer is accounted for by the fact that the judgment related only to property located in Graham County while part of the total valuation included property located in Cochise County. The parties stipulated as to the value of the Cochise County property and this sum was deducted.