512 P.2d 11

**GRAHAM COUNTY and the Arizona State Department of Property Valuation, Appellants,**

v.

**GRAHAM COUNTY ELECTRIC COOPERATIVE, INC., an Arizona corporation, Appellee.**

No. 10853–PR.

Supreme Court of Arizona, In Banc.

July 10, 1973.

Gary K. Nelson, Atty. Gen., by James D. Winter, Asst. Atty. Gen., Phoenix, for appellants.

Anderson, Welker & Flake by Dudley S. Welker, Safford, Jennings, Strouss & Salmon by Robert E. Hurley, Phoenix, for appellee.

HOLOHAN, Justice.

We accepted review of the decision of the Court of Appeals, 16 Ariz.App. 554, 494 P.2d 754 (1972), which reversed the decision of the Superior Court. The decision of the Court of Appeals is vacated.

Appellee, Graham County Electric Cooperative, Inc., brought two actions in the Superior Court of Graham County challenging the valuation of its property for the years 1968 and 1969 and seeking a refund of property taxes paid under the assessments. The actions were consolidated for trial.

The Arizona State Department of Property Valuation determined that appellee's property in Graham County had a value of $2,355,950 in 1968 and $2,189,655 in 1969. The trial court found these valuations were excessive and determined that the value of the property for each year was $1,923,511.

In Arizona valuation for property tax purposes is to be found "by the use of standard appraisal methods and techniques." A.R.S. § 42–201, subsec. 7. A taxpayer dissatisfied with the valuation of his property may appeal to the superior court. A.R.S. § 42–146.

The statute in effect at the time this case was tried (A.R.S. § 42–147, subsec. B) provided:

"B. . At the hearing both parties may present evidence of any matters that relate to the full cash value of the property in question as of the date of its assessment. The valuation as approved by the state board shall be presumed to be correct and lawful."

A taxpayer in challenging an assessment in the superior court has the burden of proof. State Tax Commission v. Magma Copper Co., 41 Ariz. 97, 15 P.2d 961 (1932). He must prove that the assessment is excessive and present evidence from which the trial court can determine

the full cash value of the property in question.

■■■ The statutory presumption that the valuation of the assessing authority is correct has long been construed to be simply one of fact. As this Court stated in State Tax Commission v. Phelps Dodge Corp., 62 Ariz. 320, 157 P.2d 693 (1945):

> "The presumption, although declared by statute, is one of fact, and may be rebutted and overcome by the evidence
>
> . . . .
>
> ". . . Whenever evidence contradicting the presumption is received, the presumption disappears, and the trial court is bound to follow the usual rules of evidence in reaching the ultimate conclusion of fact. The presumption is never to be placed in the scale and weighed as evidence. When the opposite party has produced *prima facie* evidence, the presumption has spent its force and served its purpose, and the party in whose behalf it had theretofore operated must meet the opponent's *prima facie* case *with evidence and not with presumptions.*" (62 Ariz. at 330, 157 P.2d at 697.)

■■■ In the *Four Corners* supplemental opinion (Navajo County v. Four Corners Pipe Line Co., 107 Ariz. 296, 486 P.2d 778 [1971]) this Court had occasion to review the principles applicable to tax evaluation assessment cases. The Court held that, unlike some states, there is no necessity for the taxpayer to prove or the court to find, that the assessment was fraudulent, capricious or arbitrary.

> "In Arizona, in order to overturn the valuation fixed by the taxing authority there must be a finding—substantiated by competent evidence—that such valuation was 'excessive.' The burden of proof is on the plaintiff." (107 Ariz. at 298, 486 P.2d at 780.)

The statute, A.R.S. § 42–147, subsec. C (now A.R.S. § 42–152, subsec. C), provides that if the court finds that the valuation is excessive, the court shall find the full cash value of the property and render judgment. It is clear that before the superior court may change the valuation it must first find that the valuation of the assessing authority is excessive. It is true, as was pointed out in the *Four Corners* supplemental opinion and State Tax Commission v. Phelps Dodge Corp., *supra*, that the procedure may be part of a single trial, and the evidence offered to show excessiveness may also be a part or all of the evidence in determining the full cash value.

The taxpayer in this case to establish that the assessment was excessive offered evidence directed against the method of valuation used by the Department and also evidence of a different full cash value. While there may be some question as to the method used by the Department to establish the valuation as to whether it actually meets the requirements of the statutes of a standard appraisal method and technique, it is clear that the taxpayer failed to establish by competent evidence a different full cash value. We recognize that the establishment of value of property owned by a utility is a difficult one, and it is even more difficult when the property is owned by a non-profit cooperative such as the taxpayer.

> "The process used to arrive at a market value for utility property is very complex and also quite unique. The reason for this has been stated best in the 1953 report entitled *Property Assessments and Equalization in California* published by the California Senate Interim Committee on State and Local Taxation. In this report it was stated, 'The valuation of public utility property begins with a recognition of the almost total absence of factual market value data, and with a realization that it is necessary to manufacture a substitute. For many types of property, valuation is a discovery; for public utility property it is largely an invention. The assessor of public utility property is almost always obliged to be content with a collection of economic facts which are clearly in the category of "second best," when com-

pared with the market sales figures themselves.' The author was merely saying that sales of utility property seldom occur, which make it necessary to turn to substitutes in arriving at the market value of utility property." Prey, *Capitalized Earnings as an Evidence of Value—Amount to be Capitalized*, 25 Nat.Tax J. 259 (1972).

It is clear from the record that the superior court accepted the valuation placed on the property of the utility by its expert witness. The Department contends that this was erroneous in that the estimate of full cash value was based upon an improper method of fixing the value. We agree.

The utility's expert used the capitalization-of-income method which is an approved appraisal method. He reasoned that the balance of income over operating costs for the taxpayer utility was in fact a profit, and he proceeded to capitalize the figure for the years in question to arrive at his valuation. The method used is fundamentally wrong in that the taxpayer is a non-profit corporation, and it sets its rates with the deliberate intention of not making a profit. As brought out by the evidence the wide fluctuation in use of current in the area served by the taxpayer has caused balances over operating costs when there was greater use of the utility's current than had been anticipated. In no wise can this balance be considered a profit. Such balances are placed in a so-called patronage account for return to the members of the taxpayer cooperative.

Other than the testimony of the taxpayer's expert there is no substantial competent evidence of a different full cash value than that placed by the Department on the taxpayer's property. Under such circumstances it was error for the superior court to establish a different full cash value than that assessed. The taxpayer failed in its burden to establish a full cash value of the property different from that found by the Department. The superior court should have entered judgment for the Department and the county and against the taxpayer.

The judgment of the superior court is reversed, and the cause is remanded to that court with directions to enter judgment for the defendants.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.