544 P.2d 1094

**COUNTY OF MARICOPA of the State of Arizona, a body politic, and Department of Property Valuation of the State of Arizona, Appellants,**

v.

**SPERRY RAND CORPORATION, a corporation, Appellee.**

No. 11728.

Supreme Court of Arizona, In Division.

Jan. 28, 1976.

Rehearing Denied Feb. 24, 1976.

Beer, Kalyna & Simon by Olgerd W. Kalyna, Phoenix, for appellants.

Snell & Wilmer by Burr Sutter, Phoenix, for appellee.

HOLOHAN, Justice.

The County of Maricopa and the Department of Property Valuation have appealed the judgment of the superior court entered in favor of the Sperry Rand Corporation.

In 1968 the tax assessor for Maricopa County valued the Sperry Rand property at $3,933,945.00 and the Board of Equalization approved that valuation. Sperry Rand appealed to the Board of Property Tax Appeals which upheld the valuation by the assessor. Thereafter Sperry Rand paid the taxes under protest and appealed the decisions of the Board of Equalization and the Board of Tax Appeals to the superior court where the matter was tried without a jury. The superior court found the full cash value of the property to be $2,235,000.00 and that the amount of overpayment of taxes was $28,820.54.

On appeal appellants contend that the taxpayer's evidence was neither competent nor sufficient to overcome the statutory presumption of the assessment, that the court erroneously disregarded the cost approach in determining the full cash value of the property, and that error was com-

mitted in admitting the taxpayer's appraisal report into evidence.

 Taking appellants' points in reverse order, error is claimed in the admission of the appraisal report of the appellee's principal witness. A review of the record reflects that the report was not admissible in evidence, and the trial court was in error in receiving the report as evidence. The error, however, was harmless because the witness who authored the report orally testified to substantially all the matters contained in the report. When a case is tried to the court without a jury, even though improper evidence is received, if the competent evidence is sufficient to support the judgment it will be sustained regardless of the error. *American Eagle Fire Ins. Co. v. Van Denburgh,* 76 Ariz. 1, 257 P.2d 856 (1953); *Home Owners' L. Corp. v. Bank of Arizona,* 54 Ariz. 146, 94 P.2d 437 (1939).

Appellants contend that the trial court erred in disregarding the cost approach in determining the full cash value of the property. The fact that the trial court accepted the market approach does not mean that he gave no consideration to the cost approach. The appellants maintain that the cost approach was the only valid method of appraisal because the Sperry Rand plant is a special purpose building which has no market or rental basis. *Reynolds Metals Co. v. Department of Revenue,* Or., 477 P.2d 888 (1970).

In order to find the full cash value of property for tax purposes standard appraisal methods and techniques must be used. A.R.S. § 42–201.

 The three commonly recognized approaches to value (cost, income, and market) should be considered, and it may be error to use only one method without consideration of the others. *Transamerica*

*Develop. Co. v. County of Maricopa,* 107 Ariz. 396, 489 P.2d 33 (1971). There are instances when only one method or approach to value can be used. In this case, however, both sides offered evidence of value arrived at by methods other than cost. Both appellants and appellee presented evidence of market value using so-called comparable sales. The sales data was received without objection even though it came from other areas.*

 While appellants contend that the only proper approach was the cost approach, the issue necessarily depended upon a resolution of the facts concerning the nature of the property in question. The trial court necessarily concluded that the subject property was not of such a nature that the cost approach was the exclusive method of arriving at full cash value. From the evidence presented we cannot say that his findings are unreasonable.

 Lastly, appellants contend that the evidence was not sufficient in the face of the statutory presumption of the correctness of valuation approved by the state board. A.R.S. § 42–147(B). The effect of the presumption has been discussed in *State Tax Com. v. Phelps Dodge Corp.,* 62 Ariz. 320, 157 P.2d 693 (1945) and *Graham County v. Graham County Electric Coop., Inc.,* 109 Ariz. 468, 512 P.2d 11 (1973). The presumption is one of fact which disappears when evidence contradicting the presumption is received. It is, of course, necessary that competent evidence be presented before the valuation of the taxing authority may be found to be excessive. *Navajo County v. Four Corners Pipe Line Company,* 107 Ariz. 296, 486 P.2d 778 (1971).

 Appellants argue that the evidence offered by the taxpayer on the method of arriving at the value by the cost method

---

* When comparable sales are used as substantive evidence of market value, many factors including but not limited to the climatic, economic, and population patterns of the comparables should be examined to insure that they are sufficiently comparable to the property in question when the comparables are distant from the property at issue. *Fairfield Gardens, Inc. v. U. S.,* 306 F.2d 167 (9th Cir. 1962); *Winston v. U. S.,* 342 F.2d 715 (9th Cir. 1965).

was not competent. This position might be important if we had accepted appellants' position that the cost method was the only way to value the property. The evidence offered through the expert for the appellee was to the effect that the cost method was not the superior method for valuing this property, but, if the method was used, he testified that certain adjustment had to be made. It is this area that appellants seem to challenge. Since the trial court did not accept a valuation based on the cost adjustment method suggested by appellee's expert, there was no error.

The judgment of the trial court is affirmed.

STRUCKMEYER, V. C. J., and HAYS, J., concur.