546 P.2d 804

**DEPARTMENT OF PROPERTY VALUA-TION of the State of Arizona,**
**Appellant,**

v.

**TRICO ELECTRIC COOPERATIVE, INC.,**
**an Arizona Public Service Corpo-**
**ration, Appellee.**

**No. 12018.**

Supreme Court of Arizona,
En Banc.

March 1, 1976.

Rehearing Denied April 6, 1976.

Gary K. Nelson, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen., by James D. Winter and Mary Z. Chandler, Asst. Attys. Gen., Phoenix, for appellant.

Johnson, Hayes & Dowdall, Ltd. by Anthony D. Terry and Norman S. Hull, Tucson, for appellee.

HAYS, Justice.

The appellant, Department of Property Valuation of the State of Arizona (the Department), appeals from a judgment of the Superior Court which reduced the valuation of Trico Electric Cooperative, Inc. (Trico) for purposes of property tax assessment for the years 1970, 1971 and 1972. This court has jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court.

Trico is a nonprofit corporation which was created to distribute electricity in certain rural areas of Pima, Santa Cruz and Pinal Counties. It is wholly owned by the subscribers who purchase its electricity. The Department made a determination of Trico's full cash value for the years 1970, 1971 and 1972, from which valuation Trico appealed to the State Board of Property Tax Appeals (the Board). The Board reduced the Department's 1970 valuation of Trico from $3,420,000 to $3,050,000; its 1971 valuation from $4,425,000 to $3,933,-000; and its 1972 valuation from $4,695,000 to $4,325,000, and the Department appealed to the Superior Court pursuant to ARS § 42–123(B)(6). Trico also brought an appeal from the Board's decision in the Superior Court. Trico contended that the full cash value did not exceed $2,250,000 for 1970, $2,900,000 for 1971, and $3,000,000 for 1972. The Superior Court, after a trial by jury determined that the full cash value of Trico was $2,892,500 for 1970, $3,530,900 for 1971, and $3,797,000 for 1972, and awarded judgment in favor of Trico for the amounts of excess tax levied, with interest.

The Department presents two questions on appeal:

1. Did the trial court err in its denial of appellant's motion to strike Exhibit 14 and the testimony of Mr. Jorgensen?

2. Was the verdict justified by the evidence?

■ We will first consider the Department's second question on appeal. The Department and Trico were both required to sustain a burden of proof in the Superior Court. When the taxpayer challenges the assessment in superior court, he has the burden of proving that the assessment is excessive and must "present evidence from which the trial court can determine the full cash value of the property in question." *Graham County v. Graham County Electric Coop., Inc.,* 109 Ariz. 468, 512 P. 2d 11 (1973). It therefore follows that the Department must bear the burden of proving that the assessment is insufficient when it appeals from a decision of the Board, as it did in the instant case.

■ The Superior Court, in considering the evidence offered by the parties, may not make an independent evaluation of full cash value until two conditions have been met. The first condition is the requirement that evidence be presented to rebut the statutory presumption that "[t]he valuation or classification as approved by the appropriate state or county authority shall be presumed to be correct and lawful." ARS § 42–152(B); *see also* former ARS § 42–147(B). This presumption is one of fact, however, and is overcome when " 'evidence contradicting the presumption is received . . . and the trial court is bound to follow the usual rules of evidence in reaching the ultimate conclusion of fact.' " *Graham County v. Graham County Electric Coop., Inc., supra.* The second condition to be satisified before the Superior Court may make an independent valuation of full cash value, is contained in the requirement that it first determine whether the "valuation is excessive or insufficient, . . ." ARS § 42–152(C). Such a "preliminary finding . . . is . . . a condition precedent to the court's assumption of jurisdiction to make its own evaluation." *Navajo County v. Four Corners Pipe Line Co.,* 106 Ariz. 511, 479 P.2d 174 (1970). The evidence of excessiveness or insufficiency "may also be a part or all of the evidence in determining the full cash value." *Graham County v. Graham County Electric Coop., Inc., supra.*

The trial court heard evidence presented by Trico's two appraisers, the general manager of Trico and the general manager of Arizona Electric Power Cooperative relating to the excessiveness of the Board's valuation, and to Trico's full cash value. George Robert Faust, one of Trico's appraisers, testified that he employed the standards mandated by the Arizona statutes in determining full cash value. *See* ARS § 42–201(4). He further testified that he emphasized the cost approach, a standard appraisal method, in his valuation of Trico. His appraisal, based on the cost method, took into consideration original cost less depreciation less deferred mainte-

nance, with a view toward a possible sale of Trico to another cooperative or to an investor-owned utility. Faust also valued Trico by use of reconstruction costs.

The witnesses for the Department used a cost approach to value Trico, and one John E. Green also used a market data approach. Their testimony conflicted with Faust's in at least two respects. First, they concluded that the full cash value could not be less than long-term debt. Secondly, neither appraiser allowed a deduction for deferred maintenance.

■ The essential distinction between Faust's approach to full cash value under the cost method and that used by the Department's appraisers lay in Faust's deduction of deferred maintenance from cost less depreciation. The three appraisers all provide for the deduction of an allowance for depreciation from cost in their computation of full cash value when using the cost method. Faust makes deferred maintenance a component of the allowance for depreciation. He essentially makes a distinction between an accountant's depreciation, an adjustment on the balance sheet representing the recovery of capital, and actual physical deterioration or depreciation. Faust includes both elements in his computation of an allowance for depreciation. We do not believe that this difference in approach affects the competence of Faust's testimony. Rather, it is a factor that the jury must weigh in its analysis of the conflicting testimony. We therefore hold that Faust's testimony contained substantial competent evidence of full cash value and of the excessiveness of the valuation of Trico.

■ Trico's second appraiser, Gordon D. Jorgensen, employed two methods of valuation in his appraisal. The first was the cost approach; the second was the income approach. The Department, in its first argument on appeal, raises the question of the competency of Jorgensen's testimony and of the admissibility of Exhibit No. 14. Jorgensen's income approach was essentially based on the capitalization of income method which is not a proper valu-

ation technique in the context of the valuation of a nonprofit corporation. *See Graham County v. Graham County Electric Coop., Inc., supra.*

The admission of Jorgensen's testimony, and of Exhibit No. 14 which contained a summary of Jorgensen's computations was properly objected to by the Department. We cannot now determine whether the jury would have reached the same verdict if this testimony had been excluded. "Passion and prejudice are presumed to exist where improper evidence is admitted upon which the jury might act or improper instructions of law are given which might mislead the jury. *Standard Oil Co. of California v. Shields,* 58 Ariz. 239, 119 P.2d 116." *Valley Transportation System v. Reinartz,* 67 Ariz. 380, 197 P.2d 269 (1948).

Reversed and remanded for a new trial.

STRUCKMEYER, V. C. J., HOLOHAN and GORDON, JJ., and ROBERT C. BROOMFIELD, Superior Court Presiding Judge, Maricopa County, concur.

*Note:* JAMES DUKE CAMERON, C. J., did not participate in the determination of this matter. ROBERT C. BROOMFIELD, Superior Court Presiding Judge, Maricopa County, was called to sit in his stead.