556 P.2d 1164

COUNTY OF MARICOPA, a political sub-division of the State of Arizona, Robert Stark, B. W. Burns and Henry Haws as members of the Board of Supervisors and/or The Maricopa County Board of Equalization, Kenneth Kunes, Maricopa County Assessor, Howard L. Relfe, Lowell L. Monsees and Charles Moody, as members of and constituting the Arizona State Board of Property Tax Appeals, and the Arizona Department of Property Valuation, Appellants,

v.

NORTH CENTRAL DEVELOPMENT CO., a partnership, Appellee.

No. 1 CA–CIV 2914.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 30, 1976.

Rehearing Denied Nov. 4, 1976.

Petition for Review Denied Dec. 7, 1976.

Bruce E. Babbitt, Atty. Gen. by James D. Winter, Asst. Atty. Gen., Phoenix, for appellants.

O'Connor Cavanagh Anderson Westover Killingsworth & Beshears, P. C., by Jeffrey B. Smith, Phoenix, for appellee.

## OPINION

OGG, Judge.

The plaintiff-appellee North Central Development Company brought actions in the Maricopa County Superior Court (C–264130, C–271683), seeking a refund on real property taxes paid under protest to the defendant-appellant County of Maricopa for the years 1971 and 1972. The actions brought under the provisions of ARS §§ 42–152 and 42–204 were consolidated for trial and were tried on the sole issue of whether the North Central Development Company was subjected to discriminatory real property tax assessments in 1971 and 1972.

The trial court found that there was discrimination as to the valuations placed on certain parcels and ordered that such valuations be reduced. The appellants, the Arizona and Maricopa County taxing authorities, have filed this appeal.

The appellee taxpayer is a partnership composed of Harry and Newton Rosenzweig, and the Del Webb Corporation which owns the subject property compris-

ing the Rosenzweig Center in Phoenix, Arizona. The Rosenzweig Center complex contains several buildings, including the Del Webb Towne-House, Del Webb Building, Continental Bank, Rosenzweig Building and the Pepsicola Building, together with landscaped open areas and parking facilities. The property is located in the North Central high-rise corridor, along the west side of North Central Avenue between Indian School Road and Osborn Road.

A brief history of this particular tax dispute shows that for the tax years of 1971 and 1972 the Maricopa County Assessor's Office had placed a valuation of $6.50 per square foot on all land in the Rosenzweig Center. The Maricopa County Board of Supervisors, sitting as the Board of Equalization, found that a valuation of $6.00 per square foot should apply for the parcels fronting on North Central Avenue up to a depth of 200 to 300 feet, with the remaining rear portions of the property to be valued at $3.50 per square foot. The State Board of Property Tax Appeals raised the assessment to $6.00 per square foot on all the land underlying the Rosenzweig Center and the taxpayer appealed to the Maricopa County Superior Court. The Maricopa County Superior Court ruled that the taxpayer was entitled to tax refunds because that portion of the Rosenzweig Center real property located more than 200 feet back from the west side of North Central Avenue should have been assessed at $3.50 per square foot rather than at $6.00 per square foot.

The taxpayer's claim of discrimination was based upon the fact that while it was assessed at $6.00 per square foot for the Rosenzweig Center, all other taxpayers owning property on the west side of North Central Avenue between Indian School Road and Osborn Road were assessed at $6.00 per square foot up to a depth of approximately 200 feet with the back portion of their property assessed at $3.50 per square foot.

The taxpayer contends that the intentional, systematic over-valuation of its property when compared to the lower assessments placed on similar property in the same class amounts to discrimination and entitles the taxpayer to a tax refund. *Sparks v. McCluskey*, 84 Ariz. 283, 327 P. 2d 295 (1958); *Bade v. Drachman*, 4 Ariz.App. 55, 417 P.2d 689 (1966); *Sunday Lake Iron Co. v. Township of Wakefield*, 247 U.S. 350, 38 S.Ct. 495, 62 L.Ed. 1154 (1918).

The appellant taxing authorities find no quarrel with this principle of tax law but assert there was in fact no discrimination in the assessment of the Rosenzweig Center real property.

■ We have reviewed the transcript and find there is no legal competent evidence to support a finding that there was discrimination in the appraisal of the Rosenzweig Center that would entitle the taxpayer to a tax refund.

Under the provisions of ARS § 42–221(B) the county assessor is required to determine the full cash value of property for tax purposes. The term "full cash value" is defined in ARS § 42–201, subsection 4:

'Full cash value' for property tax purposes is synonymous with market value which means that estimate of value that is derived annually by the use of standard appraisal methods and techniques.

ARS § 42–123.01(A)(5) sets forth the requirement that the Arizona Department of Property Valuation and all county assessors must use standard appraisal methods and techniques in determining the value of property. A pertinent portion of this statute reads:

In the standard appraisal methods and techniques adopted *current usage* shall be included in the formula for reaching a determination of full cash value . . . . [Emphasis added]

ARS § 42–201, subsection 3, states:

'Current Usage' means the use to which property is put at the time of valuation by the assessor or the department.

A review of the testimony discloses that the taxing authorities in this case did use standard appraisal methods in determining the full cash value of the subject property. They used the market data approach in arriving at a valuation based upon a comparison of recent sales of comparable properties in the market, together with current land uses in the area. See *Navajo County v. Four Corners Pipe Line Co.*, 106 Ariz. 511, 479 P.2d 174 (1970). The same approach was used to appraise other large commercial properties in Maricopa County, including the Financial Center on North Central Avenue.

The evidence shows that the land in dispute under the Rosenzweig Center which is assessed at $6.00 per square foot supports an operating high-rise business complex, while the other land in the area which is assessed at $3.50 per square foot is undeveloped or used principally for parking facilities. Although the land may all be classified as commercial property we know of no rule of appraisal which requires all commercial property to be appraised at the same land value. On the contrary, our statutes require all property to be assessed at full cash value, with current usage included in the formula. Appraisals cannot be made in a vacuum. Commercial property may differ in value depending upon such factors as the current use, the accessibility, the topography and the immediate environment. See *Burns v. Herberger*, 17 Ariz.App. 462, 498 P.2d 536 (1972).

From our review of the record there was a valid distinction for valuation purposes in the valuations placed on the Rosenzweig Center land which was assessed at $6.00 per square foot and that land in the area which was assessed at the $3.50 per square foot lower valuation. We therefore find no unconstitutional discrimination results in the valuation as made by the taxing authorities in this case.

There is a statutory presumption that "The valuation or classification as approved by the appropriate state or county authority shall be presumed to be correct and lawful." ARS § 42–152(B). *See also* Laws 1967, Ch. 107, § 5 (Repealed 1971).

In such a tax case the trial court, in considering the evidence, should not make an independent evaluation of the full cash value until two conditions have been met. Evidence must be presented to rebut the statutory presumption that the valuation or classification as made by the taxing authorities is correct and lawful and the court must find the valuation to be excessive or insufficient. *Department of Property Valuation v. Trico Electric Cooperative, Inc.*, 113 Ariz. 68, 546 P.2d 804 (1976).

The burden is upon the complaining taxpayer to establish affirmatively its contention that the assessment was excessive. *State Tax Commission of Arizona v. Magma Copper Co.*, 41 Ariz. 97, 15 P.2d 961 (1932).

The Arizona Supreme Court, in the case of *Navajo County v. Four Corners Pipe Line Co.*, supra, set forth guidelines a trial court should use in such cases when the Court stated:

To repeat, it is not the function of the judiciary to promulgate tax assessment regulations in the form of judicial opinions. The court's function in this area of taxation is the same as in other traditional areas of administrative law; that is to review the actions of such administrative bodies and to super-impose its opinion only in the event the agency abused its legislatively-delegated duty. 106 Ariz. at 522, 479 P.2d at 185.

In our opinion the taxpayer in this case did not bear the burden of proof in proving the assessments as made by the taxing authorities were the result of an intentional, systematic over-valuation of the taxpayer's property.

The judgment of the trial court is reversed.

DONOFRIO, P. J., and FROEB, J., concurring.