570 P.2d 797

**DEPARTMENT OF REVENUE, State Board of Property Tax Appeals, Pima County Board of Supervisors, Pima County Assessor, and Pima County Treasurer, Appellants,**

v.

**TRANSAMERICA TITLE INSURANCE COMPANY, Under Trust Nos. RH 27550 and RH 27269, Appellee.**

No. 2 CA–CIV 2401.

Court of Appeals of Arizona, Division 2.

Aug. 22, 1977.

Rehearing Denied Sept. 21, 1977.

Review Denied Oct. 25, 1977.

Bruce E. Babbitt, Atty. Gen. by Barbara E. Fisher, Asst. Atty. Gen., Stephen D. Neely, Pima County Atty. by John R. Neubauer, Deputy County Atty., Tucson, for appellants.

Robert C. Stubbs & Associates, P. C. by Robert C. Stubbs, Tucson, for appellee.

## OPINION

HOWARD, Chief Judge.

This is an appeal by the State of Arizona and Pima County from a judgment which reduced the assessed valuation of the Plaza International Hotel and the Howard Johnson's Motor Lodge. Appellants present the following questions:

"I. Did the trial court err in relying only on the income approach to value to

overcome the Assessor's presumption of correctness, to show an excessive valuation and to determine the full cash value of the hotel-motel?

II. Did the trial court err in admitting evidence which was not in existence on the assessment date, January 1, 1975?"

The record shows that the Pima County Assessor had valued the Plaza International Hotel at $1,307,565 and $1,810,748 for the years 1974 and 1975 respectively. The Howard Johnson's Motor Lodge was given an assessed valuation by the Assessor of $896,645 and $1,020,545 for the years 1974 and 1975. In valuing these two properties the Assessor relied upon the cost approach to valuation, in other words, reproduction costs less depreciation. Pursuant to A.R.S. § 42–151, appellees filed an appeal to the superior court. During the course of the hearing, appellees agreed with the Assessor's valuation of the Plaza International Hotel for the year 1974. After hearing all the evidence, the trial court ·entered its judgment finding the Assessor's valuation to be excessive for the Plaza International Hotel for the year 1975 and for the Howard Johnson's Motor Lodge for the years 1974 and 1975. The court found the 1975 value of the Plaza International Hotel to be $1,450,497 and the value of the Howard Johnson's Motor Lodge to be $673,997 for 1974 and $703,997 for 1975.

Appellee's evidence consisted primarily of the testimony of Mr. Bruce Baltin, a certified public accountant with many years of experience in the hotel-motel business and widely experienced in the appraisal of motel and hotel properties. He arrived at a value of both properties based upon the income approach. He found the value of the Plaza International Hotel to be $1,304,-400 for the year 1975 and the value of the Howard Johnson's Motor Lodge to be $617,-700 for both 1974 and 1975.

■ In the case of *Department of Property Valuation v. Trico Electric Cooperative, Inc.,* 113 Ariz. 68, 546 P.2d 804 (1976), the court reiterated the law governing valuation appeals. The superior court, in considering the evidence offered by the parties, may not make an independent evaluation of full cash value (market value) until two conditions have been met. The first condition is that evidence must be presented to rebut the statutory presumption that the valuation as approved by the appropriate state or county authority is correct and lawful. A.R.S. § 42–152(B). This presumption is one of fact, however, which is overcome when evidence contradicting the presumption is received and the trial court is bound to follow the usual rules of evidence in reaching the ultimate conclusion of fact. *Department of Property Valuation v. Trico Electric Cooperative, Inc.,* supra.

The second condition to be satisfied before the superior court may make an independent evaluation of full cash value, is that it first determine whether the valuation is excessive or insufficient. Such a preliminary finding is a condition precedent to the court's assumption of jurisdiction to make its own evaluation. The evidence of excessiveness or insufficiency may also be a part or all of the evidence in determining the full cash value. *Department of Property Valuation v. Trico Electric Cooperative, Inc.,* supra.

■ A.R.S. § 42–227(A) provides that for property tax purposes the valuation of all taxable property shall be determined at its market value. The term "market value" means that estimate of value which is derived annually by the use of standard appraisal methods and techniques. A.R.S. § 42–201(4). Thus we find the term "market value" defined as the highest price estimated in terms of money which the property will bring if exposed for sale in the open market allowing a reasonable time to find a purchaser who buys with knowledge of all the uses to which it is adapted and for which it is capable of being used. The Appraisal of Real Estate, American Institute of Real Estate Appraisers, Lakeside Press, (5th Ed. 1967) at p. 21. See also *Mandl v. City of Phoenix,* 41 Ariz. 351, 18 P.2d 271 (1933); *Viliborghi v. Prescott*

*School District,* 55 Ariz. 230, 100 P.2d 178 (1940).[1]

■ There are three generally accepted approaches to the valuation of real property: the market data approach, the cost approach, and the income approach. It is appellants' contention that since it used one of the three recognized approaches, the cost approach, the trial court could not come to the conclusion the Pima County Assessor's valuation was excessive. We do not agree. The appraiser attempts to create a mythical sale in accordance with the definition of market value. However, although the sale may be mythical, this does not mean that the appraiser can use pure fiction in arriving at its value. He must face the realities of the market place. If knowledgeable buyers of hotel-motel properties do not buy on the basis of reproduction costs less the depreciation, then a grievous error is committed by relying on such a method to ascertain fair market value. Mr. Baltin, the only person testifying who had experience in the buying and selling of hotel-motel property, stated that knowledgeable buyers of this type of property rely solely on the income approach in determining the valuation of the property.

■ Contrary to appellants' contention, appellee did not have to show that the valuation was fraudulent, illegal, arbitrary, capricious or inherently unfair. This is made clear in the opinion on rehearing in *Navajo County v. Four Corners Pipe Line Company,* 107 Ariz. 296, 486 P.2d 778 (1971). The only statutory requirement is that there be a showing that the valuation was "excessive". Unfortunately, our Supreme Court has not set forth any guidelines as to what is meant by the term "excessive". We believe it is clear, however, that if valuation is based upon an appraisal method not used in the market place, and is higher than one arrived at by proper reference to the market place, it would be exces-

sive. As was pointed out by the court in *County of Maricopa v. Sperry Rand Corporation,* 112 Ariz. 579, 544 P.2d 1094 (1976) although the three commonly recognized approaches to value should be considered and it may be error to use only one method without consideration of the other, there are instances where only one method or approach to value can be used.

■ Over objection, the trial court allowed one of appellee's witnesses to testify as to income, expenses, cash flow, inflation and room rate during the period January 1, 1975 to March 31, 1976. This evidence showed that the income loss which the properties were experiencing for prior years was continuing into 1975. Appellants claim this was error since under A.R.S. § 42–221(B) the value of the property must be ascertained as of January 1st of each year. We agree. In the case of *State Tax Commission v. United Verde Extension Mining Company,* 39 Ariz. 136, 4 P.2d 395 (1931) the court stated:

> "We are of the opinion that the trial court is limited in determining the true value to evidence which was in existence at the time the assessment was made. This does not mean, of course, that it can only avail itself of the information actually known to or used by the assessing body, but it must be information which was in existence and relevant, and which could have been used if the assessing body had had knowledge thereof, and a desire to use it, and the result must be a reasonable inference from such existing and relevant evidence only. Any other rule would give rise to uncertainty, and be provocative of litigation. . . ."[2] 39 Ariz. 141–142, 4 P.2d at 397.

■ We find, however, that appellants are precluded from now complaining about the admissibility of the witnesses' testimony since they allowed the appellee, without

---

1. Overruled on other grounds, *Town of Williams v. Perrin,* 70 Ariz. 157, 217 P.2d 918 (1950).

2. This rule would not apply to the use of comparable sales which occur after January 1st

that are used to determine the value of the property as of the date in question. *Defnet Land & Investment Company v. State,* 14 Ariz. App. 96, 480 P.2d 1013 (1971).

objection, to introduce into evidence a written document containing the matters to which they now object. In any event, appellee's only valuation witness, Mr. Baltin, did not use post-January 1, 1975 evidence to arrive at his valuation conclusions.

Affirmed.

HATHAWAY and RICHMOND, JJ., concurring.