**UTAH POWER & LIGHT COMPANY, a corporation, Plaintiff,**

v.

**UTAH STATE TAX COMMISSION, Defendant.**

No. 15256.

Supreme Court of Utah.

Jan. 17, 1979.

Sidney G. Baucom and Verl R. Topham, Salt Lake City, for plaintiff.

Robert B. Hansen, Atty. Gen., G. Blaine Davis, Asst. Atty. Gen., Salt Lake City, for defendant.

CROCKETT, Justice:

We here review, pursuant to the provisions of Section 59–5–76, U.C.A.1953, as amended, a decision of the State Tax Commission ("Commission" herein) that the assessment of the Utah Utility properties of Utah Power & Light Company ("Utah Power" herein) as of January 1, 1976, was a reasonable valuation of those properties.

The decision was issued by the Commission after a hearing on Utah Power's timely protest against the assessment, as authorized by Section 59–7–12:

. . . If the owner of any property assessed by the state tax commission is dissatisfied with the assessment made by it, such owner may, between the third Monday in May and the second Monday in June, apply to the commission to have the same corrected in any particular, and it shall set a time for hearing such objections and may correct and increase or lower any assessment made by it, . . .

Plaintiff's grounds of protest were (1) that the Commission had based its assessment in part on the capitalization of earnings it *estimated* Utah Power would derive during 1976 from plant in place on January 1, 1976, rather than on *actual* earnings during 1975, and (2) that the Commission had, in capitalizing the estimated income for 1976, erroneously included some estimated income which, if actually realized, would have derived from facilities added during 1976 and neither in place nor a part of construction work in progress on the date, January 1, 1976, as of which date our statutes (Sections 59–5–52 and 59–5–4) require such assessment to be made.

It is significant to note that the value reached by income capitalization, of which the utility complains, is only one factor in a three factor formula used by the Commission in making the assessment; [1] and that plaintiff does not complain of either of the other two factors so employed.

The Commission does not dispute that it had, for many years before 1976, capitalized actual income for the preceding year in computing assessed valuation of utility properties as of January 1 of any year. It changed to an *estimated* earnings approach because, where any utility company being assessed is in process of expansion (as Utah Power has been for several years) or contraction, its actual earnings for the preceding year may not reflect the earnings potential of its plant in service at the close of that year; they would reflect the earnings potential of the *average* value of the company's plant in service *during* that preced-

---

1. Because the willing buyer-willing seller measures and comparable sales data ordinarily used in property appraisal are not available where large utility systems are being assessed, experts in the utility appraisal field recommend, and the Commission has used, a weighted average value formula. In the formula, 50% weight is given to the factor of net book value of tangible property, 45% weight is given to the factor of capitalized income and 5% weight is given to a value computed by analysis of the utility's outstanding stock and debt.

ing year. If Utah Power's facilities were being added at a uniform rate during 1975, for example, capitalization of its 1975 earnings would yield a value for its utility properties as of June 30, 1975 rather than January 1 of 1976.

■ Since the statute requires tax to be assessed against value as of January 1 of each year, the capitalization of preceding year's income would undervalue the property of an expanding utility and overvalue the property of a decreasing one. The fact that the Commission has followed a certain procedure in the past does not commit it to do so eternally. We can see no reason why it may not adopt new methods of appraisal procedure which are deemed to improve them. Nor do we perceive wherein, the change in the estimated earnings approach to income capitalization, including reasonable projection of future earnings, is in conflict with any statute, constitutional provision, or equitable principle.

Utah Power's second ground of protest is that the Commission capitalized estimated 1976 income some part of which would derive from plant which was not in place or a part of construction work in progress on January 1, 1976. To test the validity of that complaint, it is necessary to review the procedure by which the Commission's appraiser, Mr. Robert Sugino, arrived at his income capitalization valuation.

Mr. Sugino started by determining the cost, less depreciation, of all plant in place and in service within the Utah Power multistate system on January 1, 1976. He obtained that figure from Utah Power itself and its accuracy is not questioned. To that figure he added one half the value of construction work in progress ("C.W.I.P.") on January 1, 1976. Here again, he obtained the C.W.I.P. figure from Utah Power. No question is raised as to the propriety of the Commission's assuming (as it traditionally has) that, based on the averaging of the C.W.I.P. of the preceding and succeeding year, one half should be deemed to be owned by the utility on January 1, i. e., the date of the assessment. The next appraisal objective was to determine the projected

annual income which the total utility plant (as determined by the above stated process) could be expected to produce.

Mr. Sugino next determined what had been the ratio between the depreciated cost of Utah Power's average plant in service and the net income from its use for each of the five years next preceding the year (1976) for which the assessment was being prepared. Here again, he obtained the data from Utah Power, and the ratio is simple arithmetic. He used the average of the five cost/earnings ratios as the projected cost/earnings ratio for 1976 assessment purposes. That average cost/earnings ratio was 7.77; there does not appear to be any question as to the propriety of the method of computation, nor is any suggestion made as to why that average ratio is not a reliable basis for projecting future earnings.

Applying the cost/earnings ratio so determined to the cost less depreciation of the total plant owned or controlled by Utah Power on January 1, 1976, Mr. Sugino arrived at a figure which represented the projected annual earnings of that plant. He capitalized the earnings thus computed at what the parties have accepted as a reasonable rate of return (presently 9.25%) to arrive at the capitalized value of the Utah Power's property.

Finally, Mr. Sugino made a determination of the percentage of Utah Power's total utility properties which should be taxed by Utah. He used the figure of 74.68 percent of the total of Utah Power's system as allocable to Utah. There is no disagreement between the parties as to the use of that proportional allocation.

Mr. Sugino admitted that he had made no adjustments in his income projection for income which would be produced by additions to plaintiff's properties (other than 50% of C.W.I.P.) in 1976. But we do not see that as being an admission of error or improper procedures in arriving at his evaluation. He had not applied his cost/earnings ratio to any value except as explained herein, as the value of the utility's plant on

January 1, 1976;[2] and the fact that additions were being made to its system during 1976 does not discredit the soundness of his evaluation.

■ In regard to plaintiff's attack upon the Commission's decision and the evidence upon which it is based, it is appropriate to comment on the position plaintiff appears to essay, that it is entitled to a reduction of its assessment if it shows any error to its disadvantage in the method of evaluation or the computation of the Commission's original assessment. That position would not necessarily be sound under all circumstances. It may well depend upon the nature of any such error or impropriety. The fundamental proposition is that the purpose of such a proceeding is to determine what should be the fair, reasonable and proper valuation and assessment. It is not to be doubted that the Commission must have a sound evidentiary basis for its decision. Concomitantly, where the taxpayer claims error, it has an obligation, not only to show substantial error or impropriety in the assessment, but also to provide a sound evidentiary basis upon which the Commission could adopt a lower valuation.[3] It is significant here that Utah Power has not only failed to show any such error in the assessment, but that it presented no alternative evaluation or appraisal which could be subject to critical scrutiny by the Commission.

In addition to what has been said above supportive of the Tax Commission's decision, there is another significant aspect of the proceedings. Upon the initiation of this proceeding by Utah Power to review the assessment of its properties, the Commission engaged Mr. Arlo Woolery, a well-educated, long experienced and highly qualified appraiser in this field, to make an independent evaluation of Utah Power's properties. Though his method of evaluation differed in some particulars, his results varied very little from those of Mr. Sugino. Upon penetrating cross-examination by plaintiff's counsel, he was supportive of Mr. Sugino's methods and results.

■ As indicated herein, we are not persuaded that there is unsoundness or unfairness in the evidentiary foundation upon which the Commission based its judgment in assessing the utility's property taxable in Utah. The universally recognized rule of the actions of administrative agencies requires this Court to take some cognizance of the expertise of the agency in its particular field and accordingly to give some deference to its determination,[4] and not to upset the decision unless it appears that the action of the Commission is so in error or so unfair or unreasonable, that it must be regarded as arbitrary, a circumstance which we have not found present here.

Affirmed. No costs awarded.

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

---

**2.** Any suggestion to the contrary in the course of cross-examination of Mr. Sugino is entirely refuted by his work sheets and his explanation on direct examination.

**3.** *Graham County v. Graham County Electric Co-op Inc.*, 109 Ariz. 468, 512 P.2d 11, *Albemarle Elec. Membership Corp. v. Alexander,* 282 N.C. 402, 192 S.E.2d 811, *Shell Petroleum Corp. v. State Board of Equalization,* 170 Okl. 581, 41 P.2d 106.

**4.** *Gilbertville Trucking Co. v. U. S.,* 371 U.S. 115, 83 S.Ct. 217, 9 L.Ed.2d 177; *Hardy v. State Tax Comm.,* Utah, 561 P.2d 1064.