762 P.2d 637

**MOTT'S INC. OF MISSISSIPPI,**
**Defendant/Appellant,**

v.

**COCO'S FAMILY RESTAURANT,**
**Plaintiff/Appellee.**

No. 2 CA–CV 88–0103.

Court of Appeals of Arizona,
Division 2, Department B.

Sept. 27, 1988.

Murphy, Clausen & Goering, P.C. by Monte C. Clausen, Tucson, for defendant/appellant.

Chandler, Tullar, Udall & Redhair by Dan Cavett, Tucson, for plaintiff/appellee.

## OPINION

ROLL, Presiding Judge.

Third-party defendant/appellant Mott's Inc. of Mississippi (Mott's) appeals from a jury verdict requiring Mott's to indemnify third-party plaintiff/appellee Coco's Family Restaurant (Coco's) in the sum of $300,000. For the reasons set forth below, we affirm.

## FACTS

On March 27, 1984, Brenda Kinnunen purchased a chicken salad sandwich at a Coco's restaurant in Tucson, Arizona. The sandwich contained a small chicken bone, which caused significant and permanent injury to her temporal mandibular joint. She thereafter underwent various surgical procedures, including two root canals and an apicoectomy. Coco's purchased the chicken used to make the sandwich from Mott's, a Mississippi corporation which sold processed chickens to restaurants. The chicken purchased by Coco's was "pulled" chicken, meaning chicken pulled from the bone.

## PROCEDURAL BACKGROUND

Brenda and her husband, Richard Kinnunen, filed a lawsuit against Coco's, alleging negligence and strict liability. Coco's filed a third-party complaint against Mott's, seeking contribution or indemnification from Mott's for any judgment rendered against Coco's for Brenda Kinnunen's injuries. On the day trial commenced, the Kinnunens stipulated with Coco's that the portion of the Kinnunens' complaint against Coco's alleging negligence be dismissed. Thereafter, Coco's dismissed its allegation of negligence and demand for contribution against Mott's.

The jury returned a verdict of $300,000 against Coco's and, in a separate verdict, found for Coco's against Mott's. In accordance with the jury's verdicts, the trial court entered judgments of $300,000 against Coco's and in favor of the Kinnunens and $300,000 against Mott's and in favor of Coco's.

## ISSUES ON APPEAL

On appeal, Mott's argues that the trial court erred in the following respects: (1) Mott's should have been permitted to seek contribution from Coco's; (2) Coco's witness Harry Harrison should not have been permitted to testify; and (3) Coco's was erroneously permitted to introduce documentary evidence not timely disclosed.

## STRICT LIABILITY

Brenda and Richard Kinnunen elected to proceed solely on the theory of strict liability and to discard the theory of negligence. Because of the Kinnunens' decision, Coco's abandoned its claim of negligence against third-party defendant Mott's and its right to contribution from Mott's as a result thereof. Accordingly, when this matter proceeded to trial, it was tried solely on a theory of strict liability.

A.R.S. § 12–683 sets forth the affirmative defenses available in a product liability action. Contributory negligence is no defense to a product liability action. *Gosewisch v. American Honda Motor Company, Inc.*, 153 Ariz. 400, 405, 737 P.2d 376, 381 (1987). The trial court instructed the jury on product liability defenses, including substantial change and warning of danger.

Mott's argues that it was wrongfully deprived of the opportunity to seek contribution against Coco's, relying on A.R.S. § 12–2509(A) and (C). A.R.S. § 12–2509(A) provides:

The right to contribution under §§ 12–2501 through 12–2504 applies to all tortfeasors whose liability is based on negligence, strict liability in tort or any product liability action, as defined in § 12–681, including warranty.

A.R.S. § 12–2509(C) provides in part:

Among two or more persons strictly liable in tort who are entitled to claim contribution against each other, the relative degree of fault of each is the degree to which each contributed to the defect causing injury to the claimant.

In the matter before us, the "defect causing injury" was the chicken bone concealed in the chicken salad sandwich. Under A.R.S. § 12–2509, the trial court is required to instruct the jury on contribution between joint tortfeasors *if* there is evidence that two or more tortfeasors contributed to the defect. Under principles of strict liability, Coco's could only have "contributed to the defect causing injury" if Coco's either had been warned of the possibility that chicken bones were concealed within the chicken supplied by Mott's and failed to take reasonable steps to inspect and remove such bones, or Coco's had substantially changed the chicken, thereby contributing to the presence of the concealed bone. No evidence of either was presented. The court was under no duty to instruct the jury on a matter not supported by any evidence. *DeElena v. Southern Pacific Co.*, 121 Ariz. 563, 569, 592 P.2d 759, 765 (1979).

To rule, as suggested by Mott's, that Mott's was entitled to litigate negligence on Coco's behalf would result in the revamping of product liability law by placing a duty on wholesalers to independently examine the safety of products furnished to them by manufacturers. We decline to do so.

## TRIAL COURT'S REFUSAL TO IMPOSE SANCTION OF EXCLUDING HARRY HARRISON AS WITNESS

On the first day of trial, Mott's made an oral motion to exclude Harry Harrison as a witness because Coco's had not listed him as a witness in response to the interrogatories. Mott's had also filed a written motion to exclude Jim Rowenhorst for the same reason. Coco's argues that Mott's was forewarned about Harrison by virtue of the

answer given by Coco's to an interrogatory, albeit not the interrogatory requesting names and addresses of witnesses. Coco's also maintains that Harrison was listed as a witness in the pretrial statement filed April 17, 1987, and that, even had Harrison been listed as a witness in response to the interrogatory, Mott's would not have deposed Harrison because Mott's failed to depose any other witness listed by Coco's. The trial court granted the motion to exclude Rowenhorst but permitted Harrison to testify.

Mott's argues that Coco's failed to timely supplement answers to interrogatories regarding expected trial witnesses as required by Rule 26(e), Ariz.R.Civ.P., 16 A.R.S., and that Harrison should have been excluded absent (1) a finding by the court that good cause existed or (2) written agreement of the parties.

■ On April 20, 1987, notwithstanding a motion made by the Kinnunens' counsel that discovery be closed, the trial court simply ordered that counsel were "bound by the pretrial statement and the witnesses listed therein." The record reflects that additional discovery was in fact conducted after the filing of the pretrial statement and, accordingly, Mott's could have deposed Harrison after learning from the pretrial statement that he would be a witness.

The determination whether to impose sanctions for failure to update interrogatories is committed to the sound discretion of the trial court and will not be disturbed absent abuse of discretion. *Nienstedt v. Wetzel*, 133 Ariz. 348, 355, 651 P.2d 876, 883 (App.1982); *Kelch v. Courson*, 7 Ariz. App. 365, 370, 439 P.2d 528, 533 (1968). The trial court imposed one sanction for failure to comply with Rule 26(E), and did not abuse its discretion in declining to impose a second sanction in the form of excluding Harrison as a witness.

## ADMISSION OF DOCUMENTS

Mott's also maintains that the trial court erred in permitting Coco's to introduce certain documentary evidence. In response to an interrogatory submitted by Mott's, Coco's indicated that it would offer as evidence at trial "purchase orders for chicken." The pretrial statement of Coco's regarding exhibits to be introduced at trial contained a similar reference. At trial, Coco's introduced the purchase order from Mott's, a bill of lading from Mott's, receiving documents from Diversified Restaurant Services Warehouse from which the chicken meat used by Coco's was received, and an invoice from Mott's for the chicken.

■ Mott's argues that the trial court abused its discretion in permitting the introduction of these exhibits. Mott's also argues that these exhibits were critical because Mott's contested whether it had in fact supplied the chicken used by Coco's in which the bone was present.

These documents were cumulative. The manager of Coco's Restaurant on the day that Kinnunen was injured testified that the label on the box of pulled chicken he ordered for his restaurant was that of Mott's and a cook at Coco's testified that Mott's was the only supplier of pulled chicken that he recalled during his employment at Coco's, which included the day that Brenda Kinnunen was injured. Because the complained-of documentary evidence was merely cumulative, its admission was not unduly prejudicial. *Public Service Company of Oklahoma v. Bleak*, 134 Ariz. 311, 321–22, 656 P.2d 600, 610–11 (1982); *County of Maricopa v. Sperry Rand Corporation*, 112 Ariz. 579, 581, 544 P.2d 1094, 1096 (1976). We also note that Mott's was permitted to introduce documentary evidence not furnished in advance of trial despite the request to produce made by Coco's. The trial court did not abuse its discretion when it admitted the documentary evidence.

For the reasons set forth above, we affirm.

LACAGNINA, C.J., and FERNANDEZ, J., concur.