622 P.2d 52

**STATE of Arizona, Plaintiff-Appellee,**

v.

**SURETY INSURANCE COMPANY and
Nathan J. Warren,
Defendants-Appellants.**

Nos. 1 CA–CIV 4783, 1 CA–CIV 4787.

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 4, 1980.

Rehearing Denied Dec. 10, 1980.

Review Denied Jan. 6, 1981.

Charles F. Hyder, Maricopa County Atty. by Roderick D. MacMillan, Deputy County Atty., Phoenix, for plaintiff-appellee.

Hirsh & Bayles, P. C. by Robert J. Hirsh, Tucson, for defendant-appellant Nathan J. Warren.

Allen, McClennen & Fels by Robert H. Allen, Phoenix, for defendant-appellant Surety Ins. Co.

## OPINION

FROEB, Presiding Judge.

The bond of appellant Surety Insurance Company (Surety) was ordered forfeited after a hearing before the trial court. The

issue on appeal is whether any condition of the bond was breached which would justify forfeiture. We find none and reverse the judgment.

Appellant Nathan J. Warren was charged with grand theft by false representation. Pursuant to court order, he was released from custody upon the filing of an appearance bond in the amount of $50,000.00. Thereafter, appellant pled guilty to bribery and conspiracy to commit bribery, both felonies occurring while appellant was released from custody under the bond.

On petition of the State, a hearing was held and judgment entered against both Warren and Surety in the amount of $50,-000.00. Following motions for new trial and motions for relief from judgment, this appeal followed.

Resolution of the appeal depends upon the interpretation of the language of the bond and the effect, if any, of the provisions regarding release set forth in former A.R.S. §§ 13–1571—1580 and Arizona Rule of Criminal Procedure 7.3.

The operative portion of the bond details two basic conditions and reads as follows:

We, Ned Warren, as principal, and the SURETY INSURANCE COMPANY, a California corporation, as Surety, hereby undertake that the said Ned Warren *will appear and answer the charge* above mentioned in whatever Court it may be prosecuted, and *will at all times hold himself amenable to the orders and process of of the Court*, and, if convicted, will appear for judgment, and render himself in execution thereof, or, if he fails to perform either of these conditions that he will pay to the STATE OF ARIZONA the sum of Fifty Thousand ($50,000.00) DOLLARS. (Emphasis added)

The relevant portion of the release order stated that the defendant should, during the pendency of the case:

(1) Appear to answer and submit himself to all further orders and process of the court having jurisdiction of the case;

(2) Refrain from committing any criminal offense;

(3) Not depart the state without leave of court, except to and from the state of Utah;

(4) If released during an appeal, prosecute his appeal, with due diligence.

In addition, the order provided: "The defendant will execute an appearance bond approved by the court and binding himself to pay the State of Arizona the sum of Fifty Thousand Dollars ($50,000.00) in the event that he fails to comply with its conditions."

Arizona Rule of Criminal Procedure 7.3 reads:

a. Mandatory Conditions. Every order of release under this rule shall contain the following conditions:

(1) That the person appear to answer and submit himself to the orders and process of the court having jurisdiction of the case;

(2) That he refrain from committing any criminal offense;

(3) That he not depart the state without leave of court;

(4) If released after judgment and sentence, that he diligently prosecute his appeal.

b. Additional Conditions. An order of release may include the first one or more of the following conditions reasonably necessary to secure a person's appearance:

(1) Execution of an unsecured appearance bond in an amount specified by the court;

(2) Placing him in the custody of a designated person or organization agreeing to supervise him;

(3) Restrictions on his travel, associations, or place of abode during the period of release;

(4) Any other condition not included in (5) or (6) which the court deems reasonably necessary;

(5) Execution of a secured appearance bond; or

(6) Return to custody after specified hours.

Arizona Rule of Criminal Procedure 7.6(d) reads:

> If at any time it appears to the court that a condition of an appearance bond has been violated, it shall require the parties and any surety to show cause why the bond should not be forfeited, setting a hearing thereon within 10 days. If at the hearing, the violation is not explained or excused, the court may enter an appropriate order of judgment forfeiting all or part of the amount of the bond, which shall be enforcible [sic] by the prosecutor as any civil judgment.

A.R.S. § 13–3968 (formerly A.R.S. § 13–1578) reads, in part, as follows:

> a. Upon a verified application by the prosecuting attorney alleging that a defendant charged with a felony has wilfully violated the conditions of his release, a judicial officer may issue a warrant directing that the defendant be arrested and taken forthwith before a superior court for hearing.
>
> b. After a hearing and upon a finding that the defendant has wilfully violated the conditions of his release, the court may impose different or additional conditions upon the defendant's release. Upon a finding of probable cause that the defendant committed a felony during the period of release, the defendant's release may be revoked.

Appellants argue that neither the rules nor the statute contemplate the forfeiture of an appearance bond as a consequence of a violation of the release order directing a defendant to refrain from committing a criminal offense. They argue further that no provision of the bond authorizes forfeiture on this ground. They also contend that the court may not "read into" the bond the condition of the release order regarding another criminal offense.

The State's position, as we understand it, is that Rule 7.6(d) contemplates more than one condition in an appearance bond; that the bond has two conditions; that the first condition relates to required court appearances; and that the second condition relates to the defendant's obedience to all orders of the court, past and future, going beyond orders relating only to appearances.

We conclude that while the commission of a crime was a ground for revoking the defendant's release from custody, it was not a breach of the appearance bond justifying a forfeiture of the principal sum to the State.

Although not controlling, it is of some value to note that the bond it titled "Bail Bond" and is referred to in the body as "appearance bond." Our decision rests, however, on the plain meaning of the two conditions of the bond itself and the related rules and statute.

The first condition is that the defendant will "appear and answer the charge ... in whatever court it may be prosecuted." This is a promise for future physical appearance in accordance with the orders of the court. The second condition is that the defendant "will at all times hold himself amenable to the orders and process of the court." "Amenable" is defined as "liable to be brought to account or judgment: liable to the legal authority of: answerable, accountable." *Websters Third International Dictionary* (unabridged). If it is reasonable to assume that the two conditions are not redundant, then the second condition relates to something other than a promise of physical appearance. A promise that defendant will at all times hold himself amenable to orders of the court refers to orders other than those requiring physical appearance. The word "amenable" implies some positive action in response to an order, not restraint of action in obedience to an order. This is particularly so when read together with the words "will at all times hold himself." If the second condition of the bond were tantamount to a promise not to disobey existing orders of the court, it would have so stated without using the word "amenable" or the words "will at all times hold himself." Another operative word in the second condition is "process." Here the word "amenable" is brought into more precise focus. "Process" refers to a written instrument issued by or under authority of the court.

Under the bond, defendant promises to submit to the authority of this as well. Here again, the reference is to some positive action in response to an order, not to restraint of action.

Conditions of release govern the conduct of the defendant while released from custody and may, in addition, require the defendant to file an appearance bond. Violation of the conditions of release will lead to the revocation of the release causing the defendant to be returned to custody. A.R.S. § 13–3968. If he is not amenable to the order requiring his custody, the bond may be forfeited, resulting in a sum of money payable to the State in lieu of the defendant's physical appearance.

Finally, our conclusion is consistent with the decision in *Cushman v. National Surety Co. of New York*, 4 Ariz.App. 24, 27, 417 P.2d 537, 540 (1966), which quoted 72 C.J.S., *Principal and Surety* § 91, with approval:

> The liability of a surety is measured by his contract, and, whether he is a gratuitous or compensated surety, while he is liable to the full extent thereof, such liability is strictly limited to that assumed by its terms, ... and the surety has the right to stand on the strict, or precise, or the very terms of his contract, and to rely on the strict letter thereof.

We find the commission of other crimes while released justified revocation of release but not forfeiture of the bond.

Reversed.

CONTRERAS and WREN, JJ., concur.