709 P.2d 1375

**In the Matter of the Appeal in MARICOPA COUNTY JUVENILE ACTION NO. J–102981.**

**No. 1 CA–JUV 294.**

Court of Appeals of Arizona, Division 1, Department D.

Nov. 21, 1985.

Tom Collins, Maricopa County Atty. by Mark Deutsch, Deputy County Atty., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Dennis C. Freeman, Deputy Public Defender, Phoenix, for appellant.

GRANT, Judge.

Three issues are presented in this appeal from an order of the juvenile court which transferred the juvenile for adult prosecution on two counts of child molestation.

1.  Whether the juvenile court erred by conducting a transfer hearing without the juvenile being present.

2.  Whether the juvenile court erred by remanding the juvenile who was committable to an institution for the mentally deficient, defective, or ill.

3.  Whether the juvenile court abused its discretion by determining that it was more probable than not that the public safety and interest would be best served by remanding the juvenile for criminal prosecution.

Because we find that the juvenile court committed reversible error by conducting a transfer hearing in the juvenile's absence, we do not reach the other issues.

## FACTS

The City of Tempe police received a report that a juvenile who is the appellant in this action had engaged in child molestation of a six year old girl on October 24, 1984. The victim's mother, had found the juvenile and her daughter in the daughter's bedroom. When she discussed the incident with her daughter, she learned that this was not the first occasion that the juvenile had been with her daughter at the house.

After a police investigation which included interviews with the victim, the victim's mother, and the juvenile, the county attorney filed a petition in juvenile court accusing the juvenile of having committed two counts of child molestation for knowingly fondling, playing with or touching the private parts of a child under the age of fifteen. The county attorney also filed a motion requesting that the juvenile court waive jurisdiction and order the transfer of the juvenile to the appropriate court for criminal prosecution pursuant to rule 12, Arizona Rules of Procedure for the Juvenile Court.

At the time of the transfer hearing the juvenile was several months short of his eighteenth birthday. The juvenile is brain-damaged as a result of an automobile-bicycle accident that occurred in 1978. As a result of the accident, he sustained neurological damage that affects the left side of his body. Additionally he is mentally and emotionally impaired. The juvenile has an I.Q. of 70 and reads at the third grade level.

The juvenile court held an advisory hearing on December 31, 1984, at which time the assigned juvenile probation officer, the juvenile, and his parents were present. The court set January 28, 1985 as the date for the transfer hearing and advised the juvenile about the nature and consequences of such a hearing. The court advised the juvenile that if he failed to appear for the transfer hearing, the court might issue a warrant for his arrest or proceed with the hearing in his absence.

At 4:00 p.m., Friday, January 25, 1985, the juvenile filed a motion to continue the transfer hearing because he was voluntarily admitting himself to Scottsdale Camelback Hospital for an in-patient mental

health evaluation. On January 28, 1985, at the time set for the transfer hearing the court denied the motion as untimely filed. Counsel for the juvenile informed the court that the juvenile's presence at a transfer hearing is necessary under rule 19. The court found that the juvenile voluntarily absented himself and that voluntary absence, with notice of the potential consequences, applies not only to adjudications and dispositions but to transfer hearings as well. The court conducted the hearing in the juvenile's absence and found probable cause to believe that the juvenile committed the offenses as charged. As permitted, under rule 14, the hearing was bifurcated. On February 7, 1985, the court held a hearing to determine whether the public safety or interest would best be served by transferring the juvenile. The juvenile was in attendance. The court granted the state's motion to transfer the juvenile for criminal prosecution as an adult.

## JURISDICTION

Although the juvenile is now eighteen years of age, this court has jurisdiction to review the transfer order at issue here. *See Matter of Appeal in Maricopa County Juvenile No. J–93117*, 134 Ariz. 105, 111, 654 P.2d 39, 45 (Ct.App.1982). In *Juvenile No. J–93117*, this court reasoned that

> [w]hen a transfer decision is predicated on the fact that a juvenile is fast approaching the age of 18, and the juvenile will in fact reach that age by the time the appeal is heard, any substantive issues raised by the transfer process will evade review unless the court exercises its discretion to hear the appeal.

*Id.* This court exercises its jurisdiction in order to deal with the interpretation of amended rule 19, presented by this case.

## WAIVER OF PRESENCE AT A TRANSFER HEARING

Rule 19, Arizona Rules of Procedure for the Juvenile Court, provides for the exclusion of persons from a juvenile hearing. Effective September 7, 1983, the supreme court amended rule 19 and added the paragraph at issue in this case.

Juvenile Rule 19 in pertinent part provides:

> *Except for hearings held pursuant to Rules 12, 13 and 14,* a child may waive his right to be present at any adjudication or disposition hearing on a delinquency, incorrigibility or violation of probation petition not held in conjunction with an advisory hearing by voluntarily absenting himself from it. The court may infer that an absence is voluntary if the child had personal notice of the time of the hearing and his right to be present at it, and received a warning that the hearing would go forward in his absence should he fail to appear. (emphasis added)

The first sentence of the added paragraph provides that transfer hearings are an exception to the general provision that a juvenile may waive his right to be present by voluntarily absenting himself. The paragraph continues by describing under what conditions the court may infer that the juvenile has, in fact, voluntarily absented himself. Because the requisite conditions of notice and warning had been met in this case, the court inferred voluntary absence, distinguished voluntary absence from the right to waive presence, and found that the juvenile had not waived his right to be present at the hearing but was voluntarily absent. Based on this finding, the court conducted the hearing in the juvenile's absence.

The juvenile court erred when it found that a transfer hearing may proceed in the absence of the juvenile. The court's interpretation violates the plain meaning of rule 19. The second sentence which indicates the manner for inferring voluntary absence merely provides the means for establishing waiver as permitted in the first sentence. It cannot by its language include within its reach, transfer hearings, held pursuant to rules 12, 13 and 14, which are excepted from rule 19 waivers. The transfer order is, therefore, invalid.

The court's actions were motivated by expedience. Faced with a situation which

would allow a juvenile, in the court's language, "to go into the hospital Thursday night, knowing there's a hearing on Friday morning and thereby decide, unilaterally, without anybody's authority, that he is going to be hospitalized in a non-emergency situation," the court forced an interpretation of rule 19 that permitted the hearing to proceed. Rule 19 limits, but does not eliminate, the court's remedies in such a situation. Although the court may not proceed in the absence of the juvenile, the court has every right to issue a bench warrant for the arrest of the juvenile, if it considers the juvenile's absence improper. In fact, the court admonished the juvenile that such a remedy was possible in the event of his failure to appear.

## DISPOSITION

As a result of the juvenile court's failure to comply with rule 19, the transfer order is vacated. Ordinarily the case would be returned to juvenile court. Because the juvenile has now reached his eighteenth birthday, however, the juvenile court has lost jurisdiction. *Matter of Appeal in Maricopa County Juvenile Action No. J–88515*, 139 Ariz. 260, 263, 678 P.2d 445, 448 (1984).

Reversed.

JACOBSON and SHELLEY, JJ. concur.