938 P.2d 98

**ARIZONA DEPARTMENT OF REVENUE, Gila County, Pinal County, and Pima County, Petitioners,**

**v.**

**SUPERIOR COURT OF the STATE of Arizona In and For the COUNTY OF MARICOPA, The Honorable William J. Shafer, III, a judge thereof, Respondent Judge.**

**Appeal of ASARCO INCORPORATED, a New Jersey corporation, Real Party in Interest.**

**No. 1 CA–SA 96–0275.**

Court of Appeals of Arizona, Division 1, Department C.

Feb. 18, 1997.

Review Denied June 24, 1997.

Jones, Skelton & Hochuli by William R. Jones, Jr. and Brian W. LaCorte, Phoenix, for Petitioner Arizona Department of Revenue.

O'Connor Cavanagh by Ralph E. Hunsaker, Phoenix, for Petitioner Counties.

Fennemore Craig, P.C. by Paul J. Mooney, W.T. Eggleston, Jr. and Kendis K. Muscheid, Phoenix, for Respondent.

## OPINION

THOMPSON, Judge.

This special action arises from a tax court ruling that an Arizona Department of Revenue employee was subject to the "one independent [expert] witness" presumption. Petitioners Arizona Department of Revenue (the department) and Pinal and Gila counties request relief from a pre-trial ruling made pursuant to Ariz. R. Civ. P. 43(g) [Rule 43(g) ]. Amended in 1991 as part of a set of litigation reforms, Rule 43(g) presumptively limits independent expert witnesses to one witness per issue per side.

We now clarify the meaning of "independent [expert] witness" and grant petitioners relief as to that issue. We find, as a matter of law, that the department's employee is not an independent expert.

## I. JURISDICTION

On the eve of a scheduled three week jury trial in tax court, petitioners sought review of pre-trial rulings on the use of witnesses. Special action relief is re-

served for those instances where there is no other equally plain, speedy or adequate remedy. *See* Rule 1, Arizona Rules of Procedure for Special Actions. We accepted jurisdiction, in part, and now explain our decision.

The "one independent [expert] witness" presumption impacts a variety of civil actions and until now has escaped appellate review.[1] Special action review is warranted in this case because the examination of Rule 43(g) is a pure question of law, a matter of first impression, and an issue of statewide importance. *See Orme School v. Reeves,* 166 Ariz. 301, 303, 802 P.2d 1000, 1002 (1990). Awaiting traditional appellate review on this legal question would result in unnecessary expense and delay to the litigants. *See Summerfield v. Superior Ct.,* 144 Ariz. 467, 469, 698 P.2d 712, 714 (1985). Accepting jurisdiction here is necessary to avoid injustice. *See id.* (citing *King v. Superior Ct.,* 138 Ariz. 147, 149, 673 P.2d 787, 789 (1983) (injustice is a factor in granting special action review)). For these reasons, we accept jurisdiction to clarify what is meant by the "one independent [expert] witness" limitation of Rule 43(g).

## II. FACTUAL AND PROCEDURAL HISTORY

The department valued the Ray Complex copper mine (the mine) at $220,000,000 full cash value for the 1995 tax year.[2] ASARCO, Inc. (ASARCO), owner of the mine, disputes the department's valuation. ASARCO asserts the department's valuation is excessive and fails to account for the full operating costs and risks associated with running the mine.

At trial, the taxpayer plaintiff has the burden of proving an excessive valuation and of presenting evidence from which the jury can determine the actual full cash value of the property. *Graham County v. Graham County Elec. Coop., Inc.,* 109 Ariz. 468, 469–70, 512 P.2d 11, 12–13 (1973). A department employee, Joe Langlois (Langlois), a senior

property appraiser and financial analyst, conducted the 1995 mine valuation. The department hoped to call Langlois and three other valuation experts to testify.

ASARCO filed a motion to disallow the presentation of opinion evidence on valuation from more than one witness for the department. The court ruled in ASARCO's favor stating:

The Rules do presumptively limit a side to one expert on an issue. It seems to me that, within the meaning of those rules, there is only one "issue" here—the value of Asarco's property. That's the issue Mr. Langlois and the others will be testifying about. I assume that they will each be testifying to various parts of that issue, but they will be testifying to that issue.

*Also, I don't think Mr. Langlois is exempt from the one-witness rule because he works for DOR.* Although a party may testify to expert things (like a doctor being sued for malpractice who may testify that he performed flawlessly) I don't believe an employee of a party is a "party." I believe he is what the defendant's memorandum described him as, a "representative of one of the parties sued in this case."

And I can't imagine that when the rule talks about "independent" experts it means someone who is not a party and who does not work for the party. That would open the door to what we are trying to prohibit—trial by the number of experts.

From what I have read in the pleadings it may be that Mr. Langlois has facts to testify to that are relevant. I can't judge that at this point.

I do conclude though that Mr. Langlois will not be allowed as an expert on value....

(Emphasis added.)

## III. ISSUES

The department seeks review of two issues:

---

1. Soon after the adoption of the new discovery rules, legal commentators began questioning how Arizona courts should define an independent expert. *See, e.g.,* Bruce C. Smith, *Limiting the Number of Expert Witnesses Under Rule 26(b)(4)(D): An Analysis of the Meaning of the New Rule,* 25 Ariz. St. L.J. 167 (1991)(discussing a rule that reiterates the one independent expert rule).

2. $220,000,000 is the department's revised 1995 valuation.

(1) What is the meaning of the Rule 43(g) phrase "one independent [expert] witness" as it may apply to Langlois?

(2) Was the ruling that the mine valuation necessitated only one expert per side an abuse of discretion?

We accept jurisdiction to address petitioners's first issue and decline jurisdiction as to the second issue.

## IV. DISCUSSION

■ The department asserts that Langlois is not an "independent" expert witness, as a matter of law, under Rule 43(g). To this end, the department argues that: (1) Langlois as an employee is not an "independent" witness; (2) Langlois's valuation gave rise to this action and he is therefore a fact witness; and (3) Langlois was not retained to give his expert opinion and he did not develop his opinions in anticipation of litigation or trial.

Our analysis focuses on whether Langlois is an "independent" witness. We find the master-servant relationship dispositive of the independence issue. Because Langlois is an employee of the department, he is not independent.

### A. The Plain Meaning of "Independent"

Rule 43(g) reads:

Multiple Experts

The Court shall not permit opinion evidence on the same issue from more than one *independent* witness per side, except upon a showing of good cause.

(Emphasis added.)

■ ASARCO fails to address the use of the word "independent" in Rule 43(g). The presence of the word "independent" simply cannot be ignored, for it surely was included by the Arizona Supreme Court for a reason. The intent evidenced by the language is conclusive absent a clear and express intent to the contrary. *State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 594–95, 667 P.2d 1304, 1309–10 (1983) (citations omitted) (discussing the plain meaning of an injury under Arizona's RICO statute). In interpreting statutes "each word, phrase, clause, and sentence must be given meaning so that no part of the statute will be void, redundant, or trivial." *Walker v. City of Scottsdale*, 163 Ariz. 206, 210, 786 P.2d 1057, 1061 (App.1989) (interpreting phrase in recreational users statute).

■ Rules of procedure are also interpreted by their plain meaning. *See, e.g.*, *Matter of Stewart*, 121 Ariz. 243, 249, 589 P.2d 886, 892 (1979) (applying the plain meaning of "recommend" under a supreme court rule in a disciplinary proceeding); *Maricopa County Juvenile Action No. J-102981*, 147 Ariz. 316, 318, 709 P.2d 1375, 1377 (App.1985) (finding the trial court violated the plain meaning of a rule of juvenile procedure); *State v. Surety Ins. Co.*, 127 Ariz. 493, 495, 622 P.2d 52, 54 (App.1980) (relying in part on the plain meaning of a rule of criminal procedure); *Parsons v. Maricopa County*, 176 Ariz. 307, 308–09, 860 P.2d 1360, 1361–62 (Tax Ct.1993) (enforcing the plain meaning of the joinder rule in a tax appeal). The interpretation of the rules of procedure parallels the interpretation of statutes and we will give effect to each word, phrase and clause included by the supreme court.

The Random House Dictionary of the English Language, Unabridged, 970 (2d ed.1987), provides the plain meaning of "independent":

1. not influenced or controlled by others in matters of opinion, conduct, etc.; ... 2. not subject to another's authority ... 9. executed or originating outside a given unit, agency, business, etc.;....

ASARCO does not propose, nor can we conceive of, an alternate definition for the word "independent." An employee like Langlois acts pursuant to an employer's directives. Regardless of his expertise, Langlois's determinations as an appraiser are made subject to the department's right to direct him. Whatever the substance of his analysis, Langlois's authority to act is derived only from the department's authority.

To characterize Langlois as independent, under this definition, is contrary to his employment status. We therefore endorse the plain meaning of the word "independent" in

Rule 43(g) and conclude Langlois is not an independent expert subject to Rule 43(g).

Furthermore, we agree with the department that if Langlois were the only expert witness it could call the department may be unfairly disadvantaged. It is possible that a jury, knowing Langlois was the department's employee, would give less weight to Langlois's testimony than to the testimony of an "independent" expert who was not a party's employee.

**B. The Plain Meaning of "Independent [Expert] Witness" is Supported by Arizona Rule of Civil Procedure 26(b)(4), Federal Rule of Civil Procedure 26(b)(4) and the Comments to the Rules**

Our reliance on the plain meaning of "independent" is further supported by Ariz. R. Civ. P. 26(b)(4) [Rule 26(b)(4) ], Fed.R.Civ.P. 26(b)(4), and the commentary to those rules. The State Bar Committee Comment (committee comment) to Rule 43(g) specifically states that Rule 43(g) is to be read in conjunction with the 1991 amendments to Ariz. R. Civ. P. 16(c)(3) and 26(b)(4).

**1. Arizona Rules and Comments**

Under Rule 26(b)(4):

The words "independent expert" ... refer to a person who will offer opinion evidence who is retained for testimonial purposes and who is not a witness to the facts giving rise to the action....

....

There is no intent to preclude witnesses who in addition to their opinion testimony are factual witnesses....

This amendment to Rule 26(b)(4) in combination with Rule 43(g) and Rule 16(c)(3) is intended to discourage the unnecessary retention of multiple independent expert witnesses and the discovery costs associated with listing multiple cumulative independent experts as witnesses....

*See* Committee Comment to Ariz. R. Civ. P. 26(b)(4) 1991 amendment.

In the instant case, Langlois is a regular employee of the department. His opinion as to valuation was formed in the course and scope of his regular duties as an appraiser and not in anticipation of testifying at trial. Langlois's valuation, *for the department*, preceded and forms the object of ASARCO's tax challenge. We find that pursuant to Rule 26(b)(4), as explained by the committee comment, Langlois is not an independent expert.

**2. Federal Rules and Comments**

Arizona courts subscribe to a principle of uniformity between our state rules of civil procedure and the federal rules. *Orme School v. Reeves*, 166 Ariz. at 304, 802 P.2d at 1003. Federal rule 26(b)(4), like the Arizona rule, discusses the discovery of expert witness opinions. The comments to federal rule 26(b)(4) state:

This is a new provision dealing with discovery of information (including facts and opinions) obtained by a party from *an expert retained by that party in relation to litigation* .... [T]he subdivision does not address itself to the expert whose information was *not acquired in preparation for trial but rather because he was an actor or viewer* with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as *an ordinary witness*.

1970 Advisory Committee Notes to Fed. R.Civ.P. 26(b)(4) (emphasis added).

The definition of independent expert under Fed.R.Civ.P. 26(b)(4) is in accord with the Arizona definition. Langlois was not retained in relation to litigation. Therefore, as a person who acquired information as "an actor or viewer" Langlois should be treated as "an ordinary witness" rather than as an independent expert.

**3. The Plain Meaning of "Independent" Expert is Supported by the Right of a Party to Defend Itself**

■ We cannot adopt ASARCO's assertion that the tax court's ruling should stand or that the proper scope of Langlois's testimony may be accommodated under that ruling. ASARCO argues that the ruling allows Langlois to testify as a fact witness and that it will stipulate to the facts of Langlois's assessment. The facts ASARCO will stipu-

late to, *in toto,* are: (1) the original department valuation was $240,000,000 and (2) the revised department valuation was $220,000,000. ASARCO next asserts that if Langlois expounds at all beyond those two facts he is an independent expert voicing his opinion and subject to Rule 43(g). We disagree.

A stipulation, while efficient, may not rate the same consideration by the jury as testimonial evidence. *See Cornet Stores v. Superior Ct.,* 108 Ariz. 84, 87, 492 P.2d 1191, 1194 (1972) (stipulation that party was highest paid store manager may not have the same effect on jury as hearing the evidence). As our supreme court explained in *Cornet Stores:*

> [A] party to litigation has the *right to prove its case in the fashion it deems most satisfactory* and may not be compelled by the court to accept an offer to stipulate, the effect of which *may not have the same impact* upon a jury as the evidence which establishes the fact.

*Id.* (emphasis added).

The tax court's order may allow Langlois to testify to some "facts," but the order and the substance of ASARCO's proposed stipulation imply that any substantive discussion by Langlois of his valuation process becomes the department's one opportunity for expert opinion testimony. The department's opportunity to defend its valuation cannot be so limited.

█ A party in a civil action has the right "to be heard and to defend ... it is a rule as old as the law that no one shall be personally bound until he has had his day in court...." *Phoenix Metals Corp. v. Roth,* 79 Ariz. 106, 109, 284 P.2d 645, 648 (1955) (quoting 12 Am.Jur. *Constitutional Law* § 573). The department has the right to be heard and defend its valuation.

The first stage of a taxpayer's case is demonstrating an excessive department valuation. *See Graham County v. Graham County Elec. Coop., Inc.,* 109 Ariz. at 469–70, 512 P.2d at 12–13. Valuation is more than a bare number. There are three accepted methods of property tax valuation. *Mohave County v. Duval Corp.,* 119 Ariz. 105, 106, 579 P.2d 1075, 1076 (1978) (referring to the reproduction cost of property method, future income projection method, and market data appraisal method). Experts may use different appraisal methods, where appropriate, to establish property tax value. *Golder v. Dep't of Revenue,* 123 Ariz. 260, 263, 599 P.2d 216, 219 (1979) (citing *Graham County,* 109 Ariz. 468, 512 P.2d 11). Courtroom presentation of valuation in a contested case normally involves some explanation of the valuation process.

The 1995 valuation involved calculations outside the experience of most lay persons. Langlois's revised valuation runs 44 pages with 119 pages of appendices. Langlois considered such varied and esoteric factors as ore reserves, discount rates, copper prices, and environmental costs before finally arriving at a valuation of $220,000,000.

As a tax appraiser Langlois assigns value, using his professional judgment, pursuant to statutory authority. Langlois's assumptions and opinions necessarily underlay his final figure of $220,000,000. The department is entitled to have Langlois justify the valuation and the professional judgment exercised in making that valuation. Langlois's opinions may be, and likely are, different from those of the department's retained independent expert, but the department still has a right to present the opinions that gave rise to this action.

In a complex case, as here, mere presentation of a bare number unduly restricts a defendant's right to defend himself. We conclude this is true even after considering that Ariz.Rev.Stat. Ann. (A.R.S.) § 42–178(B) creates a presumption that the department's valuation is correct and lawful.

Langlois's testimony is not illimitable. A party may not parade a series of highly trained, well-educated employees before the jury in an attempt to make an unfair end-run around Rule 43(g). Trial judges have discretion under Ariz. R. Evid. 403 to limit cumulative testimony by employees or witnesses of either party.

█ We conclude that Rule 43(g) presumptively limits only the number of independent expert witnesses hired in anticipation of litigation or trial for testimonial

purposes. The Rule 43(g) "independent [expert] witness" language focuses *on the relationship* between the witness and the party, *not* on the witness's intellectual sophistication. The inquiry into whether Langlois is an "independent" opinion witness does not require us to evaluate his expertise. Rule 43(g) does not apply to a party's employees.

## V. CONCLUSION

For the above stated reasons, we reverse the tax court's October 1, 1996 ruling that Langlois is an expert within the purview of Rule 43(g). Langlois is an employee of the department and is not an independent expert subject to the presumptive limit of one "independent" expert under Rule 43(g). Langlois may testify to the facts and opinions supporting the department's 1995 property tax valuation of the mine without diminishing the department's right to offer independent expert testimony at trial.

KLEINSCHMIDT and NOYES, JJ., concur.