227 P.3d 492 (2010)
In re the MARRIAGE OF Paula R. REEDER, Petitioner/Appellee,
v.
Edward H. JOHNSON, Respondent/Appellant.
No. 1 CA-CV 09-0247.
Court of Appeals of Arizona, Division 1, Department B.
March 23, 2010.
*493 Joseph C. Richter, PC By Joseph C. Richter, Scottsdale, Attorney for Petitioner/Appellee.
S. Alan Cook, PC By S. Alan Cook, Phoenix, Attorney for Respondent/Appellant.

OPINION
BARKER, Judge.
¶ 1 Respondent/Appellant Edward Johnson appeals from the trial court's denial of his motion for new trial and challenges the court's approval of an Arizona Rule of Family Law Procedure 69 ("Rule 69") settlement agreement in a marriage dissolution action. For the following reasons, we reverse and *494 remand to the family court for proceedings consistent with this opinion.

Facts and Procedural Background
¶ 2 Johnson and Paula Reeder were married on May 19, 1990. Reeder filed a petition for dissolution of their marriage on December 21, 2007. Johnson and Reeder did not have children during their marriage. On April 23, 2008, Johnson and Reeder attended mediation with Barry Brody acting as a paid, private mediator. Brody was also on the superior court's approved list to serve as a judge pro tem at the time the mediation took place, but he had not been assigned by the court to act on this particular case. The parties reached a settlement and then agreed to use Brody as a judge pro tem to put a Rule 69 agreement on the record, using a tape recorder as the recording device.[1] Reeder requested that the court vacate the trial date because of the settlement. She then filed a notice of lodging decree of dissolution of marriage on August 5, 2008.
¶ 3 On August 25, Johnson filed an objection to the notice of lodging and a motion to set aside the Rule 69 agreement. Johnson argued that the division of property was not equitable and the decree did not conform to the Rule 69 agreement. The court heard oral argument then overruled Johnson's objections and signed the decree. The court stated: "If this challenge to the Rule 69 Agreement were sufficient, there really would not be a Rule 69 Agreement that was much worth the paper it was printed on." "As to Respondent's claim for lack of understanding, Mr. Brody, acting as a Judge Pro Tem by agreement of the parties, explained the terms of the agreement very clearly. It was not a very complicated agreement, and Respondent answered affirmatively to all the questions."
¶ 4 Johnson filed a motion for new trial and motion to vacate the decree on October 23, 2008. That motion alleged that there was no valid Rule 69 agreement because the legal requisites were not met. It argued that the parties utilized Brody's services as a mediator and "counsel has looked in the Court's file in this cause and there is no order in the file appointing Barry Brody as a judge pro tempore in this case." The motion also set forth that Johnson never signed a settlement agreement or consent decree. The trial court denied Johnson's motion for new trial.
¶ 5 Johnson filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-2101(C), (F)(1) (2003).

Discussion
¶ 6 We review de novo the interpretation of rules of procedure. State v. Williams, 209 Ariz. 228, 235, ¶ 30, 99 P.3d 43, 50 (App.2004). "[W]e are not constrained by the legal conclusions from facts found or inferred in the judgment of the trial court nor by findings of the trial court in questions of law or mixed questions of law and fact." Enter. Leasing Co. of Phoenix v. Ehmke, *495 197 Ariz. 144, 148, ¶ 11, 3 P.3d 1064, 1068 (App.1999).

1. The Applicability of Rule 69
¶ 7 Rules of procedure, including the family court rules, are interpreted according to the principles of statutory interpretation. Ariz. Dep't of Revenue. v. Superior Court, 189 Ariz. 49, 52, 938 P.2d 98, 101 (App.1997). In statutory interpretation, the primary goal "is to find and give effect to legislative intent." Mathews ex rel. Mathews v. Life Care Ctrs. of Am., Inc., 217 Ariz. 606, 608, ¶ 6, 177 P.3d 867, 869 (App.2008). The plain language of the rule is the best indicator of that intent. Id. If the plain language is clear and unambiguous then we give it effect and do not use other methods of statutory interpretation. Id. Where the rule is ambiguous, we consider the rule's "context, subject matter, historical background, effects and consequences, and spirit and purpose." Id. (quoting State v. Ross, 214 Ariz. 280, 283 ¶ 22, 151 P.3d 1261, 1264 (App.2007)).
¶ 8 Rule 69 provides:
Agreements between the parties shall be binding if they are in writing or if the agreements are made or confirmed on the record before a judge, commissioner, judge pro tempore, court reporter, or other person authorized by local rule or Administrative Order to accept such agreements.
Ariz. R. Fam. L.P. 69. The rule is clear in defining two types of agreements in family law matters that are binding: (1) written agreements between the parties, and (2) agreements made or confirmed on the record before a person authorized to accept such agreements, including a judge pro tempore or other person authorized by local rule. Id. Here, Reeder asserts that the agreement is valid because it was made on the record before a judge pro tem. We address what constitutes "on the record before a . . . judge pro tem" or "other person authorized by local rule or Administrative Order to accept such agreements."

a. "On the Record" Under Rule 69
¶ 9 Rule 69 is adapted from, yet not identical to, Arizona Rule of Civil Procedure 80(d). Id. cmt. Rule 80(d) states that "[n]o agreement or consent between parties or attorneys in any matter is binding if disputed, unless it is in writing, or made orally in open court, and entered in the minutes." Ariz. R. Civ. P. 80(d). Normally, we would look to case law under Rule 80(d) to help us with the interpretation of Rule 69. See Ariz. R. Fam. L.P. 1 cmt. ("Wherever the language in these rules is substantially the same as the language in other statewide rules, the case law interpreting that language will apply to these rules."). Although the policy behind both rules is the same, the language in Rule 69 is substantially different from that in Rule 80(d). Canyon Contracting Co. v. Tohono O'Odham Housing Auth., 172 Ariz. 389, 393, 837 P.2d 750, 754 (App.1992) ("The policy behind Rule 80(d) is to relieve the trial court from having to resolve factual disputes as to the existence and terms of an alleged settlement agreement."). If not in writing, Rule 80(d) requires that the agreement be "made orally in open court, and entered in the minutes." In contrast, Rule 69 only requires that the agreement be "on the record" before one of the enumerated people. The committee comment to Rule 69 helps to clarify the meaning of "on the record." It states:
A proceeding or agreement is "on the record" if it is conducted or memorialized by a court reporter in accordance with A.R.S. §§ 12-221 to 12-225, or if recorded by any recording device authorized by law. A.R.S. § 38-424 currently authorizes the use of "tape recorders or other recording devices in lieu of reporters or stenographers."
Ariz. R. Fam. L.P. 69 cmt. Under Rule 69, in contrast to Rule 80(d), "on the record" does not mean that the agreement must be made orally in open court. The agreement merely must be memorialized by an authorized recording device, such as the circumstances here. Therefore, we find that the agreement between Reeder and Johnson was "on the record" for purposes of Rule 69.

b. Authority to Accept a Rule 69 Agreement
¶ 10 We next determine if Brody was authorized to accept the agreement either as judge pro tem or mediator. The parties do *496 not dispute that Brody was acting as a mediator until they agreed that he would act as judge pro tem for purposes of putting a Rule 69 agreement on the record. For this reason, we discuss whether Brody was an authorized person under Rule 69 in either capacity.

i. Judge Pro Tempore
¶ 11 A judge pro tem "shall have all the judicial powers of a regular elected judge of the court to which the person is appointed." Ariz. Const. art. 6, § 31. The administrative order appointing Brody as judge pro tem states:
IT IS ORDERED, effective July 1, 2007, designating the attached list of attorneys as Judges Pro Tempore of this Court for the period of July 1, 2007 through June 30, 2008, to hear and decide matters assigned to them as Judges Pro Tempore by the Presiding Judge, by any departmental presiding judges, or by the Judicial Branch Administrator without further written notice.
In re the Appointment of Attorneys as Judges Pro Tempore, Maricopa County Super. Ct. Admin. Order No. 2007-086 (June 25, 2007) (hereinafter "Admin. Order") (emphasis added). Thus, a judge pro tem has the same powers as a regular elected judge to decide those matters assigned to him by the presiding judge, departmental presiding judge, or the judicial branch administrator. "Mediation" is defined as a "voluntary confidential process in which parties enter into. . . private discussions with a neutral third party to resolve the dispute. Mediation can be conducted by a conciliation court counselor, a mediator assigned by the court from a court roster of mediators, or a private mediator retained by the parties." Ariz. R. Fam. L.P. 66(B)(4). Here, Brody was acting as a paid private mediator  he was not appointed by the court to serve in that role.
¶ 12 Neither party suggests that Brody was assigned to act as a judge pro tem in the mediation, only that the parties agreed he could act as judge pro tem at the conclusion of the mediation. However, parties cannot stipulate to assign a judge pro tem to their case. One can only imagine the judicial chaos that would occur if parties, on their own, could "assign" a judge pro tem to a matter already presided over by a superior court judge. To serve as a judge pro tem in this matter, Brody would have to have been assigned to it by the presiding judge, departmental presiding judge, the judicial branch administrator, or some person expressly authorized by the court to make that assignment. Because Brody was not assigned to this matter by an appropriate judicial authority, neither he nor the parties could change his status from that of a mediator to that of a judge pro tem in this case or any case.[2]

ii. Mediator
¶ 13 A mediator is not specifically listed in Rule 69 as having authority to place an agreement on the record. However, Rule 69 states that other persons "authorized by local rule or Administrative Order to accept such agreements" also qualify. Ariz. R. Fam. L.P. 69. We turn to the local rules.
¶ 14 The pertinent local rule for Maricopa County states that "[a]ny agreements reached as a result of mediation or open negotiation must be placed in writing, signed by both parties and presented to the court. . . . Upon the court's entry of a written order to that effect, the mediation agreement shall be considered binding." Ariz. Local R. Prac.Super. Ct. (Maricopa) 6.10(b)(7). Local Rule 6.10(b)(7) requires mediators to place agreements in writing and present them to the court. Id. Thus, by local rule mediators *497 are not extended the authority to create a binding agreement by placing it "on the record."[3]
¶ 15 Thus, application of the plain language of Rule 69 leads us to conclude that the settlement agreement at issue here was not "made or confirmed" by a person authorized to accept such agreements. Accordingly, it may not be enforced pursuant to that rule.[4]

2. Waiver Arguments
¶ 16 Reeder also argues that Johnson waived any challenge to Brody's authority to accept the agreement by not objecting at the time the agreement was placed on the record. She supports this argument by citing In re Estate of de Escandon, 215 Ariz. 247, 159 P.3d 557 (App.2007). In Escandon, a court commissioner was not appointed as a judge pro tem in the superior court because of an oversight by the Maricopa County Board of Supervisors. Id. at 248, ¶¶ 4-5, 159 P.3d at 558. This court upheld the ruling of the court commissioner under the doctrine of de facto officers because the commissioner was occupying the office of judge pro tem under color of a known appointment that only suffered from a procedural defect. Id. at 250, ¶ 10, 159 P.3d at 560. In that situation, the court found it would be a waste of resources to require "relitigation of matters decided by a competent, unbiased judge." Id. (quoting Gates v. City of Tenakee Springs, 954 P.2d 1035, 1038 (Alaska 1998).
¶ 17 The facts of Escandon are not analogous to the facts in this case. Here, the challenge to Brody's authority is not a procedural defect regarding his qualifications as a judge pro tem on a matter to which he was assigned. Rather, it is a challenge to the supposed right of the parties to invoke the use of a judge pro tem to act without assignment (or prior approval) by the proper judicial authority. Thus, the waiver argument that we accepted in Escandon is not compelling here.
¶ 18 Reeder additionally asserts that Johnson did not timely object to her proposed form of decree. The trial court found the objection untimely at the time of oral argument. This was error.
¶ 19 The notice of lodging was filed on August 5, 2008. Johnson had ten business days to oppose the motion under Arizona Rule of Family Law Procedure 35(A)(3). Ariz. R. Fam. L.P. 35(A)(3) ("Any party opposing the motion shall file any answering memorandum within ten (10) days thereafter."); id. 4(A) ("When the period of time. . . is less than eleven (11) days, intermediate Saturdays, Sundays and legal holidays shall not be included in the computation."). This would have made the objection due by August 19 and untimely. However, Johnson had five extra calendar days in which to file the objection because Reeder served the notice of lodging by mail. Id. 4(D). The fifth day from August 19 was Sunday, August 24. Thus, the filing period ran to Monday, August 25. Id. 4(A) ("The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday."). Therefore, the objection was timely filed on August 25, 2008.[5]

*498 Conclusion

¶ 20 For the foregoing reasons, we reverse the trial court's judgment approving this agreement pursuant to Rule 69 and remand this matter for further proceedings consistent with this opinion. Both Reeder and Johnson request an award of attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324 (Supp.2009). In our discretion, we decline to award fees. As the prevailing party, Johnson is entitled to an award of his costs on appeal. A.R.S. § 12-341 (2003).
CONCURRING: PATRICIA K. NORRIS, Presiding Judge and PETER B. SWANN, Judge.
NOTES
[1] The following dialogue took place at mediation:

[Brody]: The parties to their good credit have resolved and finalized the terms of settlement. They have authorized me by their agreement to act as a Judge pro tem of the Maricopa County Superior Court and to dictate the terms of the settlement on to the record. Let me swear the parties in while I'm thinking about it. . . .
. . . .
[Brody]: Okay. Sir, did you hear each and every term I dictated on to the record?
Edward Johnson: Yes I did.
[Brody]: And did you understand those terms?
Edward Johnson: Yes.
[Brody]: All things considered, are they fair and equitable?
Edward Johnson: Yes.
[Brody]: Did you receive sufficient disclosure from your Wife and her attorney to make an informed decision?
Edward Johnson: Yes.
[Brody]: No one's threatened you today to enter into this agreement?
Edward Johnson: [unintelligible]
[Brody]: Do you wish to be bound by these terms?
Edward Johnson: [unintelligible]
[Brody]: All right. As Judge pro tem of the Maricopa County Superior Court, I do find that there has been sufficient and adequate disclosure of information, that the parties knowingly, freely and intelligently are [sic] entered into this agreement. They wish to be bound by the terms of the agreement and that the agreement is fair and equitable. Accordingly, pursuant to Rule 69 of the Arizona Rules of Family Law Procedure, I do find that the agreement is binding on the parties.
[2] Reeder argues that as the rule permits court reporters to confirm an agreement on the record, it should permit a judge pro tem to do the same thing, whether or not a judge pro tem is assigned to the case. We disagree. As an example of the difference in roles, we doubt that if a court reporter took a tape recording of an agreement, that would be in compliance with the rule. An agreement is confirmed before a court reporter within the meaning of the rule, only if in recording the agreement the court reporter is acting in his or her official capacity and recording the proceeding as he or she would for a deposition or other court proceeding. A.R.S. § 12-223(A) (2003); see Ariz. R. Fam. L.P. 69 cmt. ("This rule also contemplates that the parties may reach binding agreements at the time a deposition is conducted if both parties are present or represented by counsel, and the agreement is recited on the record.").
[3] The limitation on the authority of judges pro tem serves a valuable policy goal. Were private mediators allowed to charge a fee for their services with the understanding that they could transform themselves into judicial officers to place the imprimatur of the court on their work, the rules would effectively authorize judges pro tem to use their official status to leverage their private income. We cannot conceive that the Supreme Court intended to approve such a practice when it drafted Rule 69.
[4] We hold only that the agreement is not enforceable pursuant to Rule 69. We do not address, as the issue is not before us, whether the agreement is valid and enforceable as a matter of contract law. See Emmons v. Superior Court, 192 Ariz. 509, 512, ¶ 14, 968 P.2d 582, 585 (App.1998) (holding, in a case not involving the enforceability of a settlement agreement under a court rule, that "enforcement of settlement agreements . . . are governed by general contract principles"). Further, Johnson also argues that the trial court erred by failing to conduct an evidentiary hearing pursuant to Sharp v. Sharp, 179 Ariz. 205, 877 P.2d 304 (App. 1994). Because we have concluded the agreement is not enforceable pursuant to Rule 69, we need not address this argument.
[5] Because the objection to the notice of lodging was timely filed, we reject Reeder's argument that the doctrine of laches precludes Johnson from objecting to the settlement.