NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CARL DAVID ROGERS, *Appellant.*

No. 1 CA-CR 20-0267

FILED 1-7-2021

Appeal from the Superior Court in Maricopa County
No. CR2015-114429-001
The Honorable Roger L. Hartsell, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge David B. Gass and Judge Michael J. Brown joined.

---

**P E R K I N S**, Judge:

Carl David Rogers timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), following the superior court's restitution order. Rogers's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Anders*, 386 U.S. at 744; *see also State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Rogers was given an opportunity to file a supplemental brief *in propria persona.* He has done so and raises concerns about the restitution order and the application of his release bond, which was forfeited when he failed to appear.

**¶1** We address Rogers's issues and must review the record for reversible error. *Clark*, 196 Ariz. at 537, ¶ 30. We view the evidence in the light most favorable to sustaining the superior court's findings and resolve all reasonable inferences against Rogers. *See State v. Guerra*, 161 Ariz. 289, 293 (1989). Having reviewed the record, we find no reversible error and affirm.

**¶2** In 2016, a jury found Rogers guilty of theft, unlawful use of means of transportation, and unlawful flight from law enforcement. The convictions stemmed from a burglary at a car repair shop after which Rogers fled the scene in N.F.'s truck. The superior court sentenced Rogers to concurrent prison terms, the longest of which was nine years. The court also ordered Rogers to pay $5,187.29 in restitution to N.F. to compensate for his truck damage, and $1,975.48 to the Maricopa County Sherriff's Office ("MCSO") for extradition costs.

**¶3** The superior court conducted several restitution hearings while Rogers was incarcerated. During the final hearing, N.F. testified to the extent of his truck damage. A litigation manager from N.F.'s insurance provider further testified the truck was deemed a "total loss" because the repairs exceeded the value of the vehicle. In regard to the restitution owed to MCSO, the prosecutor explained the amount consisted of the costs incurred while extraditing Rogers. At the conclusion of the hearing, the

superior court confirmed the original restitution order. Rogers timely appealed.

**¶4**　　　　The record reflects Rogers received a fair hearing. Rogers was represented by counsel during the restitution proceedings and was present for the hearing at which the court received evidence and ruled on restitution. The State presented evidence sufficient to support the court's restitution order. The court considered N.F.'s testimony, the insurance provider's testimony, and the documentation evidencing payments made to assess the damage to N.F.'s truck. The court issued a legal restitution order based on the crimes of which Rogers was convicted and the costs incurred by MCSO to extradite Rogers. *See* A.R.S. § 13–603(C) ("If a person is convicted of an offense, the court shall require the convicted person to make restitution to the person who is the victim of the crime . . . in the full amount of the economic loss as determined by the court."); *see also* A.R.S. § 13-3870.02 ("On conviction of the crime that caused a person to be extradited to this state, the state or political subdivision . . . may recover from the convicted person the actual expenses incurred by the extraditing agency.").

**¶5**　　　　Rogers broadly argues the State's failure to reproduce the restitution ledger at one of the first hearings invalidates the superior court's restitution order. We disagree. Although the restitution ledger is absent from the record on appeal, we do not find it relevant to our analysis. *See State v. Steffy*, 173 Ariz. 90, 93 n.1 (App. 1992). The sentencing minute entry sufficiently identifies the parties to whom restitution should be made and the specific amounts. *Id.*

**¶6**　　　　Rogers further argues that his bond forfeiture of $5,000 should be used to satisfy the restitution he owes MCSO. After Rogers failed to appear in court, the superior court exonerated $10,000 of his posted bond and entered judgment in favor of the State for the remaining $5,000. The State received that judgement in lieu of Rogers's appearance. *See State v. Surety Ins. Co.*, 127 Ariz. 493, 496 (App. 1980). In contrast, the restitution order Rogers seeks to satisfy is payable to MCSO for the costs of extraditing him. Rogers therefore may not satisfy the restitution he owes MCSO from funds expended to satisfy a completely separate obligation.

**¶7**　　　　We have reviewed the entire record for arguable issues of law and find none. We therefore affirm the restitution order. *See Leon*, 104 Ariz. at 300-01.

¶8         Defense counsel's obligations pertaining to Rogers's representation in this appeal have ended. Counsel need do no more than inform Rogers of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Rogers has thirty days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration. Rogers also has thirty days from the date of this decision to proceed, if he wishes, with a pro per petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA