IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

---

THE STATE OF ARIZONA,
*Respondent*,

*v.*

DAVID NICKOLAS DELICH,
*Petitioner*.

No. 2 CA-CR 2024-0224-PR
Filed May 14, 2025

---

Petition for Review from the Superior Court in Pima County
No. CR20082239001
The Honorable Danielle J.K. Constant, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Laura Conover, Pima County Attorney
By J. William Brammer, Jr. and James W. Rappaport,
Deputy County Attorneys, Tucson
*Counsel for Respondent*

Megan Page, Pima County Public Defender
By David J. Euchner, Assistant Public Defender, Tucson
*Counsel for Petitioner*

**OPINION**

Presiding Judge Eckerstrom authored the opinion of the Court, in which Judge Vásquez and Judge Sklar concurred.

E C K E R S T R O M, Presiding Judge:

¶1 David Delich seeks review of the superior court's order summarily dismissing his petition for post-conviction relief filed pursuant to Rule 33, Ariz. R. Crim. P. We will not disturb that decision absent an abuse of discretion, *see State v. Hagerty*, 255 Ariz. 112, ¶ 1 (App. 2023), which Delich has not demonstrated here.

¶2 In 2012, Delich pled guilty except insane (GEI) to seven counts of aggravated assault with a deadly weapon and two counts of discharging a firearm at a residential structure. *See* A.R.S. § 13-502(A) ("A person may be found guilty except insane if at the time of the commission of the criminal act the person was afflicted with a mental disease or defect of such severity that the person did not know the criminal act was wrong."). He also pled guilty to first-degree murder and an additional count of aggravated assault with a deadly weapon. For the GEI counts, the superior court placed Delich under the supervision of the Psychiatric Security Review Board for an aggregate term of 91.5 years. For Delich's remaining convictions, the court imposed concurrent prison terms, including a life term for first-degree murder without release eligibility for twenty-five years.

¶3 In 2024, Delich sought post-conviction relief for the first time. He argued, under Rule 33.1(h), that his non-GEI convictions should be "modified to GEI adjudications" because no reasonable jury could have found him guilty beyond a reasonable doubt and instead would have found him GEI. He additionally asserted that the twelve-year delay in seeking relief did not bar his claim, because counsel had only recently determined that his "novel[]" claim was viable under Rule 33.1(h).

¶4 The superior court summarily dismissed Delich's petition. It first determined the claim was untimely because Delich and his counsel understood at the time of the 2012 change-of-plea hearing "the possible legal issues with Delich accepting a plea to both guilty and guilty-except-insane from the same indictment." The court concluded that

the twelve-year delay was thus unreasonable. The court also rejected Delich's claim on the merits, noting the state was required to prove his guilt beyond a reasonable doubt whether the ultimate verdict was guilty or GEI and that either verdict imposed "criminal culpability." Thus, the court concluded, the claim "does not fall under the auspices of Rule 33.1(h)." This petition for review followed.

¶5 We first address Delich's argument on review that he timely sought relief under Rule 33.1(h). Rule 33.4(b)(3)(B) requires that a claim under Rule 33.1(h) must be filed "within a reasonable time after discovering the basis for the claim." In Delich's view, any reasonable jury would have found him GEI instead of guilty if his case had proceeded to trial. Therefore, notwithstanding that he pled guilty—rather than GEI—to the underlying offenses, he contends that he qualifies for relief. *See* Ariz. R. Crim. P. 33.1(h) (providing potential remedy when petitioner presents facts demonstrating "no reasonable fact-finder would find the defendant guilty of the offense beyond a reasonable doubt" had those facts been presented). He relies primarily on *State v. Reed*, 252 Ariz. 236 (App. 2021), and *State v. Solano*, 257 Ariz. 10 (App. 2024), in asserting that he raised this claim within a reasonable time. Neither case aids his argument.

¶6 In *Reed*, the defendant pled guilty to attempted reckless child abuse—an offense that does not exist under Arizona law. 252 Ariz. 236, ¶¶ 8-9. But he did not contest his conviction on that basis until years later, in his second post-conviction proceeding. *Id.* ¶ 4. We nonetheless determined Reed had brought his claims under Rule 33.1(c) and (h) within a reasonable time under Rule 33.4(b)(3)(B). *Id.* ¶ 15. We noted that when evaluating whether a defendant's delay in bringing a claim was reasonable, courts should consider several factors, including "the consequences of a failure to address the merits of the claim and the prejudice to the State or victim." *Id.* ¶ 14. Because his conviction and sentence were illegal and the state asserted no prejudice, we concluded the delay was reasonable under the circumstances. *Id.* ¶ 14. We held that, "when a defendant pleads guilty to an offense not cognizable under Arizona law, an illegal-sentence claim under Rule 33.1(c) or actual-innocence claim under Rule 33.1(h) is not time-barred if there is no evidence presented beyond the mere passage of time to suggest unreasonable delay." *Id.* ¶ 15.

¶7 But, although Delich characterizes his claim as falling within Rule 33.1(h), it is not a claim of actual innocence. Delich has not identified any defect in the factual basis for his plea nor otherwise suggested his conviction is improper. And the prejudice to the state is apparent—it

would lose the benefit of a bargained-for plea agreement based, in part, on Delich's voluntary decision to forgo a GEI defense to avoid facing the death penalty. In any event, *Reed* does not address the question presented here—the meaning of "the basis for the claim" under Rule 33.4(b)(3)(B).

**¶8**        In *Solano*, the defendant asserted a claim under Rule 32.1(f) that his failure to timely appeal was not his fault. 257 Ariz. 10, ¶ 3. The trial court rejected the claim, concluding the three-year delay in bringing the claim was unreasonable. It so found notwithstanding Solano's explanation that he was unaware the appeal had not been filed because the COVID-19 pandemic had prevented him from communicating with those from whom he eventually learned that he should have heard the status of his appeal by that time. *Id.* ¶¶ 5, 12. We granted relief on review, noting that Rule 32.4(a)(3)(B) did not require Solano to "discover his claim within a reasonable time" but instead to raise it within a reasonable time of discovery. *Id.* ¶¶ 11, 14.

**¶9**        But, like our decision in *Reed*, our decision in *Solano* does not depend on an assessment of whether the defendant was aware of the basis for the claim at a previous time—the trial court found credible Solano's testimony that he was unaware his appeal had not been filed. *Id.* ¶ 12. Nor does it address whether Rule 32.4(a)(3)(B) hinges on when a defendant knew the legal and factual underpinnings of a claim—or instead when the defendant concluded the claim could be raised in a post-conviction proceeding. Here, where the petitioner delayed twelve years in raising his claim, the passage of time becomes a more pivotal factor in assessing reasonableness of any delay. Accordingly, the time window within which Delich could have reasonably discovered the basis for his claim must be central to our analysis.

**¶10**        Delich insists that the point from which we evaluate his reasonableness is the point at which he determined he could raise the GEI defense under Rule 33.1(h). Otherwise, he argues, we are incorrectly interpreting the "basis of the claim" to mean the facts underlying the claim. We interpret the Arizona Rules of Criminal Procedure de novo. *State ex rel. Thomas v. Newell*, 221 Ariz. 112, ¶ 7 (App. 2009). We look first to the plain language of the rule because that is "the best and most reliable index of [the rule's] meaning." *State v. Hansen*, 215 Ariz. 287, ¶ 7 (2007) (quoting *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, ¶ 8 (2007)). And "we will give effect to each word, phrase and clause included by the supreme court." *Ariz. Dep't of Revenue v. Superior Court*, 189 Ariz. 49, 52 (App. 1997).

**¶11**         Delich's argument cuts both ways. Had the supreme court intended "basis of the claim" to simply mean the claim itself, it presumably would have said so. In other words, Delich's interpretation removes the words "basis of" from the rule—a result we are not permitted to reach. *See id.* To give that phrase meaning, we must conclude it means the factual and legal underpinnings of the post-conviction claim, not the recent understanding that those factual and legal underpinnings might support a post-conviction claim.[1]

**¶12**         Delich does not assert that he only recently came to understand a GEI affirmative defense was available. Nor can he assert that he only recently came to understand that the factual basis he provided for the guilty pleas might run counter to evidence in his possession supporting a GEI verdict at trial. Indeed, the record shows counsel understood that the evidence supported a GEI defense, that there was contrary evidence, and that there were implications stemming from pleading to GEI on some offenses and guilty to others. In a brief supporting the plea agreement, Delich asserted that a trial court may lawfully accept a guilty plea to offenses that are premised on inconsistent factual bases, specifically the consistency between pleading GEI to some offenses he committed during the shootings and police chase, but guilty to others. And, at the change-of-plea hearing, Delich's counsel observed that Delich's mental state may have changed during the course of his offenses and that he had made statements suggesting he knew the wrongfulness of at least some of his conduct. Counsel further noted that, given the risk a jury could reject Delich's GEI defense, it was "in [Delich's] best interests to enter those pleas." Thus, the legal question presented by Delich's Rule 33.1(h) claim—

---

[1] Delich suggests this interpretation cannot be correct because it would bar claims based on a significant change in the law under Rule 33.1(g) because a defendant might have knowledge of underlying facts before the law changed. But a defendant could not know the legal underpinnings of a claim under Rule 33.1(g) until the law changed. Additionally, for the first time at oral argument, Delich proposed that we must weigh the reasonableness of his delay in bringing the claim against the heavy burden he faces in obtaining relief even if we deemed the claim timely. We see no connection between these distinct questions. A delay is not rendered more reasonable because the defendant is less likely to prevail on the underlying claim.

whether any reasonable jury could reject his GEI defense—was a key consideration at the time of his pleas.

**¶13** Further, Delich's counsel conceded at oral argument that the same legal claim could have been fashioned either as a challenge to the factual basis for the plea or an ineffective assistance of counsel claim pursuant to Rule 33.1(a) (providing potential remedy for pleas secured "in violation of the United States or Arizona Constitutions"). Such claims are subject to more stringent timeliness requirements. *See* Ariz. R. Crim. P. 33.4(b)(3)(A) (requiring defendant to file a notice of claim under Rule 33.1(a) within ninety days of oral pronouncement of sentence); Ariz. R. Crim. P. 33.7(a)(1) (requiring filing within sixty days of the appointment of post-conviction counsel). In essence, Delich has conceded that he delayed filing the instant petition twelve years beyond the expiration of an opportunity to file a species of the same claim pursuant to Rule 33.1(a). *See* Ariz. R. Crim. P. 33.4(b)(3)(A), 33.7(a)(1). Given the state's and victims' interest in finality that energize all of the timeliness requirements set forth in Rule 33, Delich's failure to pursue the gravamen of his claim at the first available opportunity must also be considered a factor in assessing the reasonableness of his delay in now filing his petition pursuant to Rule 33.1(h).

**¶14** In sum, Delich was aware of both the factual and legal bases for his current claim at the very moment he entered the plea he now challenges. Nonetheless, he has failed to raise that claim for twelve years, a delay which insults the state's and victims' interest in finality. And, by raising his claim under Rule 33.1(h), he has side-stepped more stringent deadlines for such arguments he had an opportunity to raise within months of his sentencing. Accordingly, we cannot say the superior court erred in concluding Delich did not raise his claim within a reasonable time. We therefore need not address the underlying merits of that claim.

**¶15** We grant review but deny relief.